# Good Hope Building Association, Appellant, *v*. Amweg (No. 1).

*Husband and wife—Judgment—Opening judgment—Presumption.*

Since the passage of the act of June 8, 1893, enlarging the contractual powers of married women, a judgment given by a married woman, not appearing on its face to be affected by any of the statutory exceptions to her power, is prima facie valid.

A judgment confessed by a husband and wife will not be opened, where there is no evidence that the judgment was confessed by the wife as surety for her husband, but on the contrary the evidence shows that the judgment was given for a loan to pay pre-existing incumbrances on the wife's estate with the expenses incident to the transaction, and that the money borrowed was so used.

Argued Dec. 13, 1902. Appeal, No. 222, Oct. T., 1902, by defendants, from order of C. P. No. 2, Phila. Co., Dec. T., 1901, No. 1537, making absolute a rule to open judgment in case of Good Hope Building Association v. Frederick J. Amweg and Blanche E. Amweg. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to open judgment.

From the record it appeared that on April 8, 1895, plaintiff entered up a judgment against the defendants, who were husband and wife, on a bond accompanying a mortgage. The rule in this case was taken by the wife to show cause why the judgment should not be opened as to her. There was nothing to show that Mrs. Amweg in signing the bond did so as surety for her husband. On the contrary it appeared that the money borrowed was used to pay off incumbrances on her estate. The court made absolute the rule to open the judgment.

*Error assigned* was the order of the court.

*Rodman L. Betts*, for appellant, cited : Real Estate Investment Co. v. Roop, 132 Pa. 496 ; Latrobe Bldg. & Loan Assn. v. Fritz, 152 Pa. 224 ; Milligan v. Phipps, 153 Pa. 208 ; Dennis v. Grove, 4 Pa. Superior Ct. 480 ; Voskamp v. Connor, 173 Pa. 109 ; Bankard v. Shaw, 199 Pa. 623 ; Adams v. Grey, 154 Pa. 258 ; McCormick v. Bottorf, 155 Pa. 331 ; McNeal v. McNeal, 161 Pa. 109 ; Cloud v. Markle, 186 Pa. 614 ; Phillips v. Meily, 106 Pa. 536 ; Hoffman v. Jacobs, 12 Lanc. Law Rev. 25 ; Mangan v. McHale, 6 Kulp, 459 ; Pfaff v. Thomas, 3 Pa. Superior Ct. 419 ; Woods v. Irwin, 141 Pa. 278.

*George Albert Drovin*, with him *B. F. Fisher*, for appellees.

OPINION BY SMITH, J., January 20, 1903 :

There is no irregularity in the entry of the judgment in this case, nor does the warrant of attorney on which it was entered disclose any ground for impeaching it. Though it names Blanche Amweg as the wife of Frederick J. Amweg, her codefendant, the marital relation of itself presents no reason for attacking the judgment. Since the passage of the act of June 8, 1893, enlarging the contractual powers of married women, a judgment given by a married woman, not appearing on its face to be affected by any of the statutory exceptions to her power, is prima facie valid. She may even bind herself by her sealed obligation, executed without consideration, and delivered as a gift : Oberly v. Oberly, 190 Pa. 341.

It is alleged on the part of the wife, as ground of defense, that the judgment was given for a debt of the husband, and that she is but a surety in the obligation. This does not appear from the warrant of attorney, and the evidence fails to sustain the allegation. On the contrary, it clearly appears that the judgment was given for a loan to pay pre-existing incumbrances on the wife's estate, with the expenses incident to the transaction, and that the money borrowed was so used. If the relation of principal and surety existed at all between the defendants, the husband appeared to be the surety. The wife was the sole beneficiary of the loan, and the judgment given to secure it was valid against both defendants. Even without consideration as to the husband, it is binding on him as a voluntary obligation ; and the validity of a judgment given by a married woman for money

used in relieving her estate of incumbrances is beyond question: Abell v. Chaffee, 154 Pa. 254.

No ground of defense having been established, the order making absolute the rule to open the judgment, as against Blanche Amweg, is reversed, and the rule is discharged.