# Wilson *v.* Fitzgerald, Appellant.

*Married women—Principal and surety—Judgment.*

The power of a married woman to become guarantor or surety for another is forbidden; but under the law a judgment given by a married woman not appearing on its face to be affected by statutory exceptions to her power, is prima facie valid; and the burden of proving its invalidity rests upon those who would annul it.

Where the court below finds from sufficient, although contradictory, evidence, that a judgment against a married woman was not given by her as surety for her husband, the appellate court will not review the finding, if there is no abuse of discretion shown.

Argued May 9, 1904. Appeal, No. 73, April T., 1904, by defendant, from order of C. P. Armstrong Co., March T., 1903, No. 106, discharging rule to open judgment in case of J. Porter Wilson v. Ella S. J. Fitzgerald. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to open judgment. Before GALBREATH, P. J., specially presiding.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*H. A. Heilman,* of *McCullough & Heilman,* for appellant.

*Calvin Rayburn,* of *Rayburn & McCain,* for appellee.

OPINION BY SMITH, J., July 28, 1904:

This appeal by the defendant from the refusal of the court below to open a judgment entered on the judgment note of the defendant, a married woman, questions, in effect, the power of the court to make the decree. The execution of the note upon which the judgment was entered is admitted; and it may be found from the testimony taken under the rule, that the note was given on the purchase of a mare theretofore owned by the defendant's husband, and kept on the place then occupied by them; and not until payment was demanded here by execution against herself was this defense of suretyship set

up. The evidence taken under the rule on this question was contradictory ; the plaintiff alleging that he " sold her (the defendant) the mare," and that he took the judgment note in payment. The defendant in her testimony, while inferentially denying ownership, admits having claimed the mare as her property when taken on an execution against her husband ; and rests substantially on the allegation of suretyship. This is unequivocally denied by the plaintiff, and no reason is given why her husband did not sign as principal, if she was in fact but surety.

In discharging the rule, after briefly reciting the facts, the judge said : " We have failed to find anything in this case which would appeal very strongly to a chancellor to relieve any of the parties from whatever legal plight their own acts have brought them into." The judge had a right to hear and pass upon the evidence, and the correctness of his ruling can only be inquired into on the allegation that he exceeded the judicial discretion which every judge must necessarily exercise in passing primarily on controverted questions of fact. From an examination of this record we are entirely satisfied that no error was committed in this respect : Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122 ; Fryberger v. Motter, 24 Pa. Superior Ct. 317. The fact, that the judgment was given by the wife in her own business and may incidently benefit her husband, does not render it void ; this evidently arises from their relation. She could give him the property for which the judgment was confessed, without violating any law. Her power to become guarantor or surety for another is forbidden ; but under the law a judgment given by a married women not appearing on its face to be affected by statutory exceptions to her power, is prima facie valid ; and the burden of proving its invalidity rests upon those who would annul it : Good Hope Building Assn. v. Amweg, 22 Pa. Superior Ct. 143.

The proceeding is affirmed.