Beers et al., Appellants, *v.* Fallen Timber Coal Co.

Argued March 21, 1932.  Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

*W. L. Hibbs,* of *Leech & Hibbs,* for appellants.

*F. J. Hartmann,* for appellee.

PER CURIAM, April 27, 1932:

By virtue of a warrant of attorney contained in a
lease, plaintiffs caused judgment in ejectment to be en-
tered against lessee of coal lands located in Reade Town-
ship, Cambria County.  Paragraph nineteen of the lease
provided for confession of judgment "if default be made
by the lessee for 30 days in payment of any monthly in-
stallment of royalty when and as the same shall become
due and payable."  Defendant presented a petition to
open judgment, alleging there had been no default in the
payment of royalties for coal actually mined and re-
moved.  In their answer, plaintiffs admitted that by mis-
take in the amicable action and confession of judgment
in ejectment it was stated that default had occurred in
the payment of royalties "for coal mined in the month of
September, 1924, and for the coal mined in all the calen-

dar months from August, 1925, to May, 1928, both inclusive, amounting to $1,333.39," alleging, however, defendant was in default in the payment of minimum royalties, and setting forth other breaches of the covenants of the lease. The judgment was opened generally, and upon trial of the issue the court directed a verdict for defendant. The present appeal followed.

The first four assignments of error pertain to the action of the lower court in refusing plaintiffs' offer to prove violations of clauses of the lease other than the one upon which judgment was confessed. They are all without merit. The issue was to determine the validity of the judgment in ejectment entered by virtue of the warrant of attorney to confess judgment contained in a particular clause of the lease. If the default prerequisite for the entering of such judgment had not taken place, it was immaterial that other violations of the lease had occurred. Plaintiffs misconstrued their remedy.

The fifth assignment of error complains of admission in evidence of the record of the confession of judgment. It is true that where a judgment is opened generally the record of the entry of judgment is not admissible: Harris v. Harris, 154 Pa. 501. The trial judge's ruling, however, was not prejudicial to plaintiffs. The rule just stated is intended to prevent a plaintiff from presenting a prima facie case by merely offering in evidence the record of the judgment. Here the record was offered by defendant. Moreover the question never went to the jury, since the court gave binding instructions for defendant.

The other assignments of error are to the action of the trial judge in holding the lease did not authorize confession of judgment upon default in payment of the minimum royalties. These assignments of error cannot be sustained. Paragraph nineteen authorizes a confession of judgment upon default "in payment of any *monthly* installment of royalty." Paragraph six provides for the payment of minimum royalties for coal mined *annually*. Paragraph seven fixes the amount of the royalty and

provides that "it be paid in lawful money of the United States on or before the 25th day of each and every month for all coal mined during the calendar month immediately preceding." It is clear that the monthly installment of royalty named in paragraph nineteen is the same as that stipulated for in paragraph seven, namely, "for all coal mined during the calendar month immediately preceding." The learned judge of the court below correctly stated no power of attorney is contained in the lease to declare for minimum royalties. A judgment by confession can be sustained only by a warrant authorizing it at the time and in the manner and form in which it is entered: Agricultural Trust Co. v. Brubaker & Shaub, 73 Pa. Superior Ct. 468, 473; Eddy v. Smiley, 26 Pa. Superior Ct. 318, 319.

The judgment is affirmed.