## DeSipio v. DeSipio

*R. Schwartz*, for plaintiff.

*R. R. Gould* and *Maurice J. Friedman*, for defendants.

SMITH, P. J., June 10, 1948.—This matter comes before the court on defendants' rule to show cause why a judgment should not be stricken off.

On May 24, 1946, judgment by confession was entered in favor of plaintiff against Elisabetta De Sipio and her husband, Nicola De Sipio, by virtue of a warrant of attorney contained in a single bill dated February 1, 1946. The said husband, Nicola De Sipio, died April 22, 1946 (before the said judgment was entered of record). A warrant of confession loses its efficacy when the maker dies: Stucker v. Shumaker, Executrix, 290 Pa. 348, 351. Thus as to the husband defendant, the judgment as to him must be stricken off.

The question therefore before the court is whether the judgment so entered should be stricken as to the surviving wife. The warrant of attorney having been signed by the husband and wife is presumably a joint obligation: Algeo v. Fries, 24 Pa. Superior Ct. 427 and Wilson v. Fitzgerald, 25 Pa. Superior Ct. 633. In Algeo v. Fries, supra, it was held:

"Prima facie, when husband and wife join in the execution of an obligation, they are joint debtors, and subject to all the legal incidents of joint indebtedness. . . ." The instrument in question shows that the warranty was joint. All of the authorizations therein are in the plural: "we", "us", "our" are used throughout the warrant.

It seems to us that where the obligation is joint and one of the obligors has died, that the obligation of the surviving joint debtor must be stricken. There seems to have been some confusion which has arisen in some of our Pennsylvania cases as a result of misinterpretation of the per curiam opinion in the case of Croasdell v. Tallant, 83 Pa. 193 (1876). There the obligation was joint and several while the warrant of attorney was joint. One of the obligors had died and judgment was later entered by virtue of a power of attorney against the survivors. The court said:

"The warrant of attorney in this case was treated as joint by the plaintiff, and judgment entered against the two survivors. The obligation, however, was joint and several, and the warrant of attorney a part of it and a mere continuation of the instrument before the signatures. It would scarcely be a departure from its true intent to construe the warrant to be several as well as joint. . . ."

The opinion then goes on to state that plaintiff had treated the obligation as joint and the court said, "But treating it as joint, as the plaintiff did, we are not disposed to follow the English case of Gee v. Lane, 15 East. 592". The court further discussed Pennsylvania statutes and the difference between the law of Pennsylvania and the English rule affecting judgments and concludes: "we must treat this case as one governed by the intent of the warrant, rather than by English decisions". It seems to us that this opinion must be read as a whole. If it is so read, it does not stand for what some later opinions have stated. In

reading the English case of Gee v. Lane, supra, it seems reasonable to believe that the court in Teasdale v. Tullant was considering a certain phase of the English law. That case held that where a warrant to confess was joint, judgment could not be confessed against a surviving maker even though the bond obligation was joint and several. This statement of the law of England is contrary to the statement of the Pennsylvania law as referred to in Teasdale v. Tallant and that is probably as far as this opinion was meant to go.

In the case at bar, the obligation and the warrant of attorney was a joint one. Since one of the joint obligors has died prior to the entry of judgment, such judgment is irregular and should be opened as to the survivor. As was said in a very learned opinion by Judge Sloane, in the case of United Trading Corp. v. Scheetz, 59 D. & C. 231:

"The right of the prothonotary to enter judgment upon a confession is by virtue of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, 12 PS §739, and this authority must be strictly construed. 'A judgment by confession can be sustained only by a warrant authorizing it at the time and in the manner and form in which it is entered (citing cases)': Beers et al. v. Fallen Timber Coal Co., 307 Pa. 261, 264; Romberger, to use, v. Romberger et al., 290 Pa. 454, 456. Here defendant and her husband gave a joint bond and warrant authorizing confession of judgment against them jointly and not otherwise. The death of defendant's husband made it impossible to enter a confessed judgment as to him '. . . the warrant to confess having lost its efficacy when the maker died': Stucker v. Shumaker, Executrix, 290 Pa. 348, 351, and, in logic, no authority for entering it against defendant alone can be found. To permit it is to upset the competence and weaken the substantive base of the incisive rule as to judgments by confession: Beers et al. v. Fallen Timber Coal Co., supra."

### Order

And now, to wit, June 10, 1948, the rule to show cause why the judgment against defendants should not be stricken off is made absolute.