Solazo, Appellant, *v.* Boyle et al.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Carmen V. Marinaro,* for appellant.

*Lee C. McCandless,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, November 13, 1950:

Angeline Solazo, trading as A. Solazo Coal Company, plaintiff, entered judgment by confession in Butler County against John J. Boyle and Robert M. Cartwright, defendants, for an alleged breach of a mining agreement containing a power to confess judgment. Upon petition by defendants the judgment was stricken by the learned court below on the ground that the breach alleged in the narr did not violate the terms of the written agreement. Plaintiff then appealed.

On June 16, 1949, defendants acquired from the Harrisville Deer Hunters' Association a coal mining lease to 175 acres of land in Marion Township, Butler County. On July 12, 1949, plaintiff and defendants entered into a written agreement whereby plaintiff agreed to mine the coal from that land and defendants agreed to pay plaintiff 75% of the net sale price of the coal thus mined. Upon the failure of defendants to make said payments in the manner specified, plaintiff was given power to confess judgment for the amount due. Thereafter plaintiff and defendants orally agreed that plaintiff would remove coal from a tract of land known as the Ed Ward Farm in Fairview Township upon the same terms and conditions.

Plaintiff set forth those facts in the narr and alleged that defendants were in default in the sum of $5,023.99 for mining done on the Ed Ward Farm. Judgment was entered in that amount and it is that judgment which was stricken by the court below.

It is at once apparent that plaintiff has attempted to confess judgment on an oral agreement. This he cannot do. The Act of February 24, 1806, P.L. 334, §28, allows the entry of judgment by confession only on a "note, bond *or other instrument of writing* . . . containing a warrant . . . to confess judgment . . ." (Italics added.) That Act, being in derogation of the common law, must be strictly construed: *Deibert v. Rhodes,* 291 Pa. 550, 140 A. 515. Certainly no argument is necessary to show the abuses that would arise if a creditor could confess judgment merely on his own allegation that his debtor had orally granted him that power.

Plaintiff argues, however, that the agreement to mine the Ed Ward Farm was not an independent contract but merely a modification of the original written agreement and since an oral modification of a written contract is permitted, the power to confess judgment must necessarily apply to that modification. That conclusion cannot be supported in logic or in law. It is true that a written contract may be modified by parol but it does not follow that the warrant of attorney attaches to that modification. On the contrary, an authority to confess judgment must be clear, explicit and strictly pursued: *Beers et al v. Fallen Timber Coal Co.,* 307 Pa. 261, 161 A. 409; *Boggs v. Levin,* 297 Pa. 131, 146 A. 533. A judgment by confession must be self-sustaining and cannot be entered where matters outside the record need be considered to support it: *Stewart v. Lawson,* 181 Pa. 549, 37 A. 518. Under these well-settled rules it is clear that the judgment in this case was properly stricken.

Plaintiff will have every opportunity to prove the existence of the oral agreement by suing in assumpsit but the mere fact that it is essential to his claim to prove that such an agreement did in fact exist makes it clear why the judgment by confession cannot stand.

Order affirmed.