## Shell Construction Co., Inc., v. Griffing

*Richard S. Lowe*, for plaintiff.

*William L. O'Hey, Jr.*, for defendants.

FORREST, J., January 6, 1960.—Defendants have petitioned to strike off a judgment which was entered against them by virtue of a warrant of attorney printed on the reverse side of a construction contract which specifically provides that the warrant of attorney is "made a part hereof." Petitioners contend that the warrant of attorney was not sufficiently incorporated into the construction contract. A rule was granted upon plaintiff which filed an answer to the petition. Whereupon the case was ordered on the argument list.

The facts which are material for present purposes are as follows:

On December 3, 1958, defendants, Alfred B. Griffing and Jennie Griffing, as purchasers, signed an agreement whereby plaintiff, Shell Construction Co., Inc., agreed to furnish and install certain home improvements. The agreement was on a printed form, the type becoming progressively smaller almost line by line. The final sentence of the agreement, in approximately six point type, provided:

"It is hereby specifically agreed that all of the terms, obligations, undertakings and warrant of attorney printed upon the reverse side of this contract are hereby made a part hereof."

The reverse side of the contract contained 11 paragraphs, the first eight of which were set in the same size of type as the final sentence of the front side. Paragraph 3 (c) on the reverse side provided:

"(c) To secure the contractor hereunder, the owner hereby promises to pay to Shell Construction Co. of Philadelphia one day after date the sum of $567 without defalcation for value received, and further, the owner (purchasers) hereby authorizes and empowers the prothonotary or any attorney of any court of record within the United States or elsewhere to appear for said owner (purchasers) and confess judgment against said owner for the said sum, as of any term with costs of suit, and attorney's fee of 15%."

This reverse side contained blanks for signatures, which, however, were not filled. On February 5, 1959, the agreement was lodged in the office of the prothonotary of this county and judgment was entered thereon in judgment docket N-7, page 391.

"A judgment cannot be stricken off except for defects apparent on its face": Kros v. Bacall Textile Corporation, 386 Pa. 360, 366 (1956). See also Weinberg v. Morgan, 186 Pa. Superior Ct. 322, at 325 (1958). Examples of such defect are:

1. A judgment entered on an agreement containing a warrant of attorney, which was not signed by the

defendant. Such a judgment violates the Act of February 24, 1806, P. L. 334, sec. 28, 12 PS §739, and will be stricken even though defendant's signed "Consent," appended to the agreement acknowledged notice of the agreement and contained an assent to its terms and conditions: Griffin Oil Company v. Toms, 170 Pa. Superior Ct. 203 (1952). "An authority to confess judgment must be clear, explicit and strictly pursued . . . [and] A judgment by confession must be self-sustaining and cannot be entered where matters outside the record need be considered to support it": Solazo v. Boyle, 365 Pa. 586, 588 (1950).

2. A warrant of attorney to confess judgment foisted upon a defendant by implication or by general and nonspecific reference. "A general reference in the body of an executed [agreement] . . . to terms and conditions to be found outside the agreement is insufficient to bind the [obligor] . . . to a warrant of attorney not contained in the body of the [agreement] . . . unless the [obligor] . . . signs the warrant where it does appear": Frantz Tractor Company, Inc. v. Wyoming Valley Nursery, 384 Pa. 213, 216 (1956), affirming an order striking off a judgment.

In the Frantz case, supra, the fact of the contract provided that "This contract and all terms and conditions, rights and remedies herein contained and set forth on the reverse side hereof shall bind the parties hereto . . ." On the reverse and unsigned side, there were 21 separate paragraphs "so finely printed as not to be readily legible and so close in type as to be blurred in places. In the last half of the eighteenth paragraph, which, incidentally [began] . . . innocently enough, there [was] . . . a warrant of attorney authorizing a confession of judgment . . ."

In Cutler Corporation v. Latshaw, 374 Pa. 1 (1953), as in this case, the agreement was for home remodeling. It provided for furnishing and installing materials "subject to conditions on reverse side." The re-

verse side contained, in very small type, eight paragraphs of which the sixth was a warrant of attorney with confession of judgment. In affirming an order opening the judgment, the Supreme Court stated per Musmanno, J., at page 8:

"When a party to a contract seeks to bind the other party with . . . *a warrant of attorney-confession of judgment*, a device not ordinarily expected by a homeowner in a simple agreement for alterations and repairs, the *inclusion* of such a self-abnegating provision *must appear in the body of the contract* and cannot be incorporated by a *casual* reference with a designation not its own." (Italics supplied).

In the instant case, the author of the form of the contract refers to a "warrant of attorney", thus modifying the phraseology of the contract in the Cutler case, supra. A countless variety of authorizations falls under the general phrase, warrant of attorney. Although it may flash a red light to those learned in the law, it may just as likely pass by the eye of the ordinary layman without giving a warning of the trap camouflaged amongst the mass of extraordinarily fine and hardly legible print on the reverse side of the page. Plaintiff who prepared this agreement could just as easily have placed the confession of judgment clause in the body of the agreement. We think the casual reference to "warrant of attorney" standing alone without the confession of judgment clause, or without words plainly indicating that the reverse side of the agreement contained a confession of judgment clause, brings the judgment entered in this case within the proscription of Cutler Corporation v. Latshaw, supra.

And now, January 6, 1960, the rule to show cause why the judgment should not be stricken is made absolute, and the prothonotary is directed to mark the judgment stricken off from the judgment docket and from the judgment index.