583 A.2d 4

**Lisa M. VINCLER, Appellee,**

v.

**Robert P. VINCLER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 16, 1990.

Filed Dec. 10, 1990.

158

Gregory Whitney, Pittsburgh, for appellant.

June S. Schulberg, Pittsburgh, for appellee.

Before ROWLEY, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

In this appeal we are asked to review a trial court order which dismissed a petition to strike or open a judgment which had been confessed pursuant to the terms of a property settlement agreement. The principal issue is whether the judgment confessed was authorized by the parties' agreement.

In anticipation of divorce, Robert P. Vincler and Lisa M. Vincler, husband and wife, entered into a written agreement which purported to settle all support and property

claims between the parties. Included in the agreement was a provision requiring husband to pay alimony for thirty (30) months at the rate of fifteen hundred ($1,500.00) dollars per month. Paragraph 10 provided further as follows:

> In the event of any default of his obligations, Husband hereby authorizes any attorney to confess judgment against him in any jurisdiction which is proper. This confession of judgment is not to be considered as an exclusive remedy, but shall be used in addition to any and all other available remedies under the law.

When husband failed to make the first three payments, wife caused judgment to be confessed against husband for four thousand, five hundred ($4,500.00) dollars.[1] When husband also failed to make the fourth payment, wife caused judgment to be confessed against husband for forty thousand, five hundred ($40,500.00) dollars, the entire remaining balance owed as alimony during the thirty (30) month period. A motion to strike/open the judgment was filed and depositions were taken. The trial court denied all relief. This prompted husband's appeal to this Court.

■ "Where the instrument contains a warrant of attorney to confess judgment, the warrant must be definite, clear and explicit." 11 Std.Pa.Prac., Judgments by Confession, § 67:16. See: *Solazo v. Boyle*, 365 Pa. 586, 588, 76 A.2d 179, 180 (1950); *Beers v. Fallen Timber Coal Co.*, 307 Pa. 261, 264, 161 A. 409, 410 (1932). A judgment by confession "is not to be foisted upon anyone by implication or by a nonspecific reference." 11 Std.Pa.Prac., Judgments by Confession, § 67.16. See: *Centennial Bank v. Germantown–Stevens Academy*, 277 Pa.Super. 134, 137, 419 A.2d 698, 699 (1980). A warrant of attorney to confess judgment must be strictly construed and must be exercised in strict accordance with its terms. *Kline v. Marianne Germantown Corp.*, 438 Pa. 41, 45, 263 A.2d 362, 364 (1970). "If the confessed judgment includes an item not authorized in the warrant, the judgment is void in its entirety and must be stricken." 11 Std.Pa.Prac., Judg-

---

1. Husband has not challenged the propriety of this judgment.

ments by Confession, § 67:16. See: *W.E. Heller & Co. v. Lombard Corp.*, 423 Pa. 333, 223 A.2d 716 (1966); *Housing Mortgage Corp. v. Tower Development & Investment Corp.*, 402 Pa. 388, 167 A.2d 146 (1961).

■ The agreement in the instant case contains no acceleration clause. The warrant of attorney authorizes a confession of judgment against appellant "in the event of any default of his obligations." The warrant does not specifically define the amount for which judgment is to be entered in the event of default. Whether judgment is to be entered for the amount which is in default or for the full amount of the alimony to be paid during the thirty month period does not appear. When the warrant to confess judgment is strictly construed, however, it is clear that there is no authority to confess judgment for an amount in excess of the actual default. Indeed, a close examination of the agreement in its entirety, with specific reference to the language of paragraph ten, suggests that the parties intended the authority to confess judgment to be limited to the amount of husband's default.

We conclude, therefore, that when the wife-appellee caused judgment to be confessed in the amount of $40,-500.00, the full amount of alimony to be paid by husband over the course of future months, she exceeded the authority contained in the warrant of attorney. As such, the confession of judgment was unauthorized, and the judgment should have been stricken. It was defective on its face.

The order of the trial court is reversed, and the judgment is stricken.

HUDOCK, J., files a dissenting statement.

HUDOCK, Judge, dissenting:

Respectfully, I dissent and would affirm on the basis of the trial court's opinion.