J-A02024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JPM NORTHERN, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CRAIG E. DALLMEYER, TAMMIE K. DALLMEYER AND CARL E. DALLMEYER | |
| Appellees | No. 1229 MDA 2015 |

Appeal from the Order June 23, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): 2007-SU-1843-Y01

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 24, 2016**

Appellant, JPM Northern, LLC ("JPM"), appeals from the order entered June 23, 2015, in the Court of Common Pleas of York County, which entered summary judgment in favor of Appellees, Craig E. Dallmeyer, Tammie K. Dallmeyer and Carl E. Dallmeyer. We affirm.

We take the underlying facts of this matter from the trial court's opinion.

> In this case, [Appellees] were developing a piece of real estate located in East Manchester Township, known as the Northern Heights Development. No later than June 18, 2004, [Appellees] retained Gregory & Sons, Inc. ("Gregory") to install certain improvements at Northern Heights, including storm and sanitary sewer drains. On September 17, 2004, [Appellees], as Carobell, Inc., entered into a second construction agreement

---

[*] Former Justice specially assigned to the Superior Court.

with Gregory that superseded the first. The second agreement described that [Appellees] would retain an on-site manager, John Hertzog of James R. Holley & Associates to oversee Gregory's work.

On October 22, 2004, [JPM] and [Appellees] entered into the Agreement of Purchase and Sale [(the "Agreement")] that detailed the terms of the Northern Heights Development sale from [Appellees] to [JPM]. The purchase price was $1,460,000.00. The [Agreement] contains certain provisions, including that: (1) the property was sold "as-is" and [JPM] will not rely on [Appellees'] representations;[Fn2] (2) [JPM] was provided a 30-day "conditions period" to inspect the property and terminate the [Agreement] within that timeframe at its discretion;[Fn3] (3) [JPM] would assume all [Appellees'] rights and obligations under the [contract with Gregory], and indemnify and hold [Appellees] harmless under such contract; (4) an integration clause; (5) a provision limiting damages and remedies[; and (6)] a provision prohibiting oral modifications.

[JPM] avers that after the [Agreement] was executed, but before the 30-day conditions period expired, the Parties discussed concerns regarding Gregory's workmanship. [JPM] alleges that [Appellees] provided assurances that Gregory's work would be performed properly since James R. Holley & Associates was overseeing the work. [JPM] avers that [Appellees], on multiple occasions during the conditions period, and again at closing, guaranteed that Gregory's work would be properly installed. [JPM] contends that it proceed to closing based on [Appellees'] oral assurance of the quality of Gregory's work.

After closing, [JPM] alleges that it discovered that Gregory's work was not performed correctly and that it "did not meet applicable municipal codes, ordinances and regulations." [JPM] wrote to [Appellees] on April 6, 2005 and September 8, 2005 notifying [them] of the deficiencies and requested payment for remediation. [Appellees] produced a letter, dated February 2, 2007, purportedly from [JPM] requesting a $25,000.00 payment. [JPM] is seeking approximately $208,000.00 in damages to correct Gregory's work.

On November 8, 2007, [JPM] filed [a Complaint seeking damages for breach of contract and warranty]. After [Appellees] filed a first set of Preliminary Objections ("POs"), [JPM] filed an Amended Complaint on March 3, 2008. [Appellees] filed a

second set of POs to the Amended Complaint on March 27, 2008, and [the trial court] overruled the same on May 14, 2009. [Appellees] filed the instant Motion for Summary Judgment, and a Brief in [s]upport [thereof] on April 16, 2013.

[Fn2] [Appellees'] Mot. For Summ. J., Ex. B, [Agreement] Section 4.1(f):

"Upon closing, seller shall sell and convey to buyer and buy shall accept the property "as is, where is, with all faults." Except as otherwise provided in this agreement, buyer has not relied upon and will not rely upon, either directly or indirectly, any representation or warrant of seller with respect to the property. Buyer will conduct such investigations of the property including but not limited to, the physical and environmental conditions thereof, as buy deems necessary to satisfy itself as to the condition of the property and will rely solely upon the same and not upon any information provided by or on behalf of seller. Upon closing, buyer shall assume the risk that adverse matters, including but not limited to, construction defects and adverse physical and environmental conditions, may not have been revealed by buyer's investigations, except to the extent that seller intentionally withheld such information. The terms, conditions of this Section 4.1 shall expressly survive the closing and not merge therein…"

[Fn3] *Id*. at [Agreement] Section 2.1(a):

"Buyer shall have thirty (30) days from the date of a fully executed [Agreement] to satisfy the conditions set forth in Section 2.1(a) and (b)…"

Trial Court Opinion, 6/23/15 at 2-4 (some footnotes omitted). Following a hearing, the trial court granted Appellees' motion and entered judgment in their favor. This appeal followed.

JPM raises the following issues for our review.

A. Did the [l]ower [c]ourt commit an error of law and abuse its discretion in determining that there was no consideration for an oral modification of a contract where evidence supported a finding that JPM refused to proceed with the settlement on

the property unless the Dallmeyers agreed to guaranty the workmanship of Gregory & Sons' on the infrastructure improvements?

B. Did the [l]ower [c]ourt commit an error of law and abuse its discretion in finding JPM assumed the Dallmeyers' rights and obligations under the Dallmeyers' construction contract [with] Gregory & Sons' where evidence supported a finding that JPM and the Dallmeyers modified their contract to remove such [an] assumption?

C. Did the [l]ower [c]ourt commit an error of law and abuse its discretion in failing to view all facts of record and reasonable inferences therefrom in a light most favorable to JPM, as the non-moving party, resolving all doubts as to the existence of a genuine material fact against the Dallmeyers, as the moving party?

D. Did the [l]ower [c]ourt commit an error of law and abuse its discretion in imposing a clear and convincing evidence standard on JPM, the non-moving party, to withstand a motion for summary judgment?

Appellant's Brief at 4-5.

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

- 4 -

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

The Agreement between JPM and Appellees provides for modification "only by a written instrument signed by Buyer and Seller." Agreement, Section 10.10. This Court has recognized that

> [a]lthough the [a]greement states that it cannot be altered except in writing, the law in this jurisdiction holds otherwise, to-wit:
>
>> [A] written contract may be orally modified, even when the contract expressly provides that modifications must be in writing. [...] *Somerset Community Hospital v. Mitchell*, [685 A.2d 141 (Pa. Super. 1996)]. As *Somerset* indicates, "an agreement that prohibits non-written modification may be modified by [a] subsequent oral agreement if the parties' conduct clearly shows the intent to waive the requirement that the amendments be made in writing." Finally, an oral modification of a written contract must be proved by clear, precise and convincing evidence.
>
> *Fina v. Fina*, 737 A.2d 760, 764 (Pa. Super. 1999) (citations omitted). *Accord Solazo v. Boyle*, 76 A.2d 179, 180 (Pa. 1950) ("It is true that a written contract may be modified by parol […].")[.]

*ADP, Inc. v. Morrow Motors, Inc.*, 969 A.2d 1244, 1249-50 (Pa. Super. 2009) (some brackets added).

Viewing the facts in the light most favorable to the non-moving party, as we must, we agree that JPM failed to produce clear and convincing evidence of an oral modification of the written Agreement. JPM's argument is based mainly upon the testimony of its members that Appellees made repeated assurances that the work performed by Gregory & Sons would be

done properly. JPM claims that it was induced to sign the Agreement based upon Appellees' assurances, even while admitting that *no member ever communicated to Appellees that JPM would not have closed on the property if no assurances were made.* **See** Appellant's Brief at 13. Assuming, for the sake of argument, that Appellees made such workmanship assurances, JPM's reliance thereon was certainly misplaced. Section 4.1(f) of the Agreement clearly stipulates that the Buyer shall accept the property upon closing "as is" and that Buyer "has not relied upon and will not rely upon, either directly or indirectly, any representation or warrant of seller with respect to the property." Therefore, JPM was clearly not entitled to rely upon any workmanship assurances Appellees may have made. Further, there is no indication that Appellees failed to disclose any potential concerns over the quality of work furnished by Gregory & Sons, as JPM concedes that Appellees "had general discussions with the members of JPM about concerns regarding the timeliness and quality of Gregory's work." Appellant's Brief at 14.

The only signed writing memorializing any modification to the Agreement is a Bond and Warrant executed at closing, which provided JPM with a right to setoff up to $25,000.00 of the purchase price to "repair deficiencies to the installed storm water improvements." It is uncontested, however, that JPM did not exercise the right of set off under the Bond and Warrant, but instead paid the full purchase price for the property. JPM points to no other signed writing suggesting Appellees agreed to modify the

Agreement to provide any type of guarantee for work completed under the Gregory & Sons contract.

JPM counters that an Assignment Agreement, signed by the parties on January 10, 2005, evidenced the parties' intent that Appellees would assume the rights and obligations under the Gregory & Sons contract. In the Assignment Agreement, the provision providing for the assignment to JPM of "[t]he improvement contract for phase I of Northern Heights dated September 17, 2004 with Gregory and Sons, Inc." is crossed out and initialed by the parties' representatives. **See** Assignment Agreement, Section 2(c)(vi). Although JPM suggests that the strike-through of that section evidences its refusal to close absent the alleged workmanship guarantee, this argument ignores the fact that JPM had already assumed the rights and obligations under the Gregory & Sons construction agreement when it signed the underlying sale Agreement. Section 7.5 of the Agreement states that

> Buyer and Seller agree that *Buyer shall assume all rights and obligations of Seller under an in connection with Seller's Construction Contract with Gregory & Sons, Inc.* dated September 17, 2004, and shall indemnify and hold harmless Seller from and against any claims, demands, courses of action and liabilities of the "Contractor" under such contract as defined therein.

(emphasis added).

Notwithstanding the modification of the Assignment Agreement, there is no evidence that the parties intended to modify the assignment set forth in Section 7.5. Absent a clear written modification to that section, the assignment provision in the Agreement remains valid and enforceable. Thus,

we disagree that the modified Assignment Agreement alone constitutes evidence that the parties intended to alter the assignment provision contemplated in the original Agreement.

In light of the foregoing, we find that Appellees' verbal assurances on the workmanship under the Gregory & Sons contract alone do not constitute clear and convincing evidence[1] of the parties "intent to waive the requirement that the amendments be made in writing." **ADP**, **supra**. In the absence of such evidence, we agree with the trial court's determination that JPM has failed to raise a genuine issue of material fact with respect to the oral modification of the Agreement to include workmanship guarantees. Thus, we conclude that the trial court neither abused its discretion nor committed an error of law in granting summary judgment.[2]

---

[1] JPM incorrectly asserts that the trial court erroneously utilized a "clear and convincing evidence" standard when weighing the entry of summary judgment in this case. Appellant's Brief at 21. The trial court correctly noted that JPM had the burden of establishing an oral modification of the Agreement by clear and convincing evidence. **See** Trial Court Opinion, 6/23/15 at 9. There is no evidence the trial court imposed this standard when weighing Appellees' Motion for Summary Judgment.

[2] JPM additionally contests the trial court's determination that an oral modification of the Agreement, if it existed, was not supported by adequate consideration. **See** Appellant's Brief at 11. As we have already determined that JPM failed to meet its burden of establishing an oral modification of the Agreement by clear and convincing evidence, we need not speculate whether any modification would have been supported by adequate consideration. **See Richmond v. McHale**, 35 A.3d 779, 786 (Pa. Super. 2012). (citation omitted) ("[W]e are not bound by the rationale of the trial court and may affirm on any basis.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016