Opinion by
Jacobs, J.,
Defendants in this case are appealing a refusal of the lower court to open a judgment entered against them in the amount of $13,000 together with interest at the rate of 6 percent. We reverse.
On January 31, 1969, the defendants, Geza and Gizella Polony, husband and wife, signed a 5-year lease on the Egyptian Sands Motel and Cocktail Lounge, located in North Whitehall Township, Pennsylvania. Plaintiff, the lessor, signed the document through its president, James A. Herman. The transaction took place at the Egyptian Sands.
Approximately 12 years prior to the signing of the lease, the Polonys came to the United States from Hungary. A fair reading of the deposition taken by both parties pursuant to this action reveals that neither defendant had formal training in English, that both spoke, to some extent, in broken English, and that neither had ever hired legal counsel in this country. Mr. Polony is a musician and has been employed as a designer of low temperature equipment.
At the signing, plaintiff was represented by counsel. The defendants were dissuaded from procuring *317 outside assistance by the plaintiff’s president, who convinced them to employ the plaintiff’s attorney instead. The following colloquy between Mr. Polony and his subsequent counsel took place at the deposition: “Q. When you entered into the lease agreement dated January 31st, 1989, were either you or your wife represented by counsel? A. No. Q. Where did you sign this lease agreement? A. Out at Egyptian Sands. Q. Was any attorney present? A. Attorney Nabhan. Q. Who did Mr. Nabhan represent? A. Mr. Herman. Q. Was there any discussion between you and your wife on one hand and Mr. Herman on the other hand with respect to independent counsel? A. I asked Mr. Herman. Since I didn’t have any legal business in the United States, I didn’t have counsel prior to this. I wanted to show the lease to somebody, and Mr. Herman said, ‘It isn’t necessary because Mr. Nabhan is going to take care of it.’ Q. Were you charged any legal fees by Mr. Nabhan in connection with this matter? A. Yes, sir. Q. So Mr. Nabhan represented you as well as Mr. Herman? A. Yes.”
At this point, Mr. Nabhan, who was representing plaintiff at the deposition, interposed that he had not charged the Polonys in connection with the lease, but rather with a liquor license transfer. The colloquy continued: “Q. Do you have a statement from Mr. Nabhan? A. Yes. Q. This statement is dated April 23rd. Correct? A. Yes. . . . By Mr. Nabhan : I’m sorry. He paid one half of the cost of the preparation of the lease.”
The lease is obviously drawn from a lessor’s point of view. After reserving a total rent of $120,000 over a period of 5 years, it allows the lessor to treat the lessees as in breach of their covenants and conditions if “in his sole opinion [the lessor] deems [the lessees’ conduct] improper or objectionable;” it requires the *318 lessees to assume financial liability for certain negligent acts of the lessor; it prohibits the lessees from appealing certain judgments against them for rent; it requires the lessees to waive any rights to exemptions from levy on personal property; it makes the lessor’s remedies cumulative; and so forth.
The present action stems from the fact that, in addition to its other terms, the lease contained a confession of judgment clause, authorizing “any Prothonotary, Clerk of Court or attorney of any Court of Record” to appear and confess judgment on behalf of the lessees for any unpaid rent and for any additional rent on the unexpired balance of the term of the lease, “in any competent Court.” The warrant of attorney was not to expire upon the first exercise.
As to whether he had read the lease, Mr. Polony replied to plaintiff’s attorney, Mr. Nabhan, at the deposition : “A. I read the $2,000.00 [rental due per month] and we are responsible if something breaks down, but the small paragraphs, I did not.”
In response to his own attorney’s question, he offered in explanation: “I wouldn’t understand anyway.” Mrs. Polony testified that she too had not read the lease. The cognovit provision in question contains two sentences, the first of which comprises 182 words.[1] The *319 provision is on the third page of a 7,000-word lease, and is in the same size type as most of the rest of the lease.
After 11 months under the lease, the lessees, who were living on the premises as well as operating the business, were behind in their rent. On March 26, 1970, Attorney Nabhan, representing plaintiff, caused judgment to be entered under the warrant of attorney against defendants in the sum of $13,000 together with interest at the rate of 6 percent, in the Court of Common Pleas of Lehigh County. Defendants petitioned to open the judgment on ground of fraud, alleging certain misrepresentations on the part of plaintiff’s president, Mr. Herman, as to the financial state of the business being leased. In paragraph 10 of the petition, defendants assert the absence of independent legal representation and maintain that they “were not completely aware of the legal consequences of the various covenants in the lease . . . .”
In Pennsylvania, because of the severity of the consequences attached to a warrant of attorney to confess judgment,[2] the courts have required that as a matter *320 of public policy the consent of the party authorizing confession be clearly given. See Cutler Corp. v. Latshaw, 374 Pa. 1, 97 A.2d 234 (1953). As a result, special rules have been developed regarding the cognovit clause.
Under general contract rules, a promise need not be in writing,[3] nor signed by the promisor;[4] if ambiguous, it will be construed contra proferentem, against the party having drafted it.[5]
In contrast, with respect to a cognovit provision, Pennsylvania has been said to follow the rule that “[a] warrant of attorney to confess judgment must be made in writing .... In no ordinary case can even an attorney appear and confess judgment on an oral agreement or power of attorney.” P. Shuchman, Handbook on the Use of Judgment Notes in Pennsylvania §4.1, *321 at 25 (1881). A Pennsylvania warrant of attorney must be signed. Frantz Tractor Co. v. Wyoming Valley Nursery, 384 Pa. 213, 120 A.2d 303 (1956). And it will be construed strictly against the party to be benefited by it, rather than against the party having drafted it. Grady v. Schiffer, 384 Pa. 302, 121 A.2d 71 (1956).
Under general rules, a provision in a contract survives a modification as to some other term;[6] a covenant of a lessee is binding upon his assignee;[7] and a promise on the second page of a document is binding upon a promisor who signs on the first page.[8]
But, with respect to a cognovit provision, Pennsylvania will not presume an intent of parties to a modified contract to perpetuate a warrant of attorney. Solazo v. Boyle, 365 Pa. 586, 76 A.2d 179 (1950). Nor will a lease’s cognovit clause be binding upon the lessee’s assignee. Ahern v. Standard Realty Co., 267 Pa. 404, 110 A. 141 (1920). And a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page. Frantz Tractor Co. v. Wyoming Valley Nursery, 384 Pa. 213, 120 A.2d 303 (1956).
As Justice Charles Alvin Jones said in the Frantz case, supra, “Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. ... In short, a warrant of attorney to confess judgment is not to be *322 foisted upon anyone by implication or by general and nonspecific reference.
“A warrant of attorney to confess judgment has a very special and significant status.” Id. at 216, 120 A.2d at 305.
The theme running through the above-cited cases pertaining to cognovit clauses is that Pennsylvania requires a clearer manifestation of consent to sustain a warrant of attorney to confess judgment than it does to sustain a normal contract provision. In light of recent attacks in the courts on cognovit clauses, on grounds of a denial of due process (D. E. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S. Ct. 775 (1972); Swarb v. Lennox, 314 F. Supp. 1091 (1970), aff'd, 405 U.S. 191, 92 S. Ct. 767 (1972)), and in light of the susceptibility of this state’s cognovit procedure to constitutional challenge,[9] it is essential that Pennsylvania continue its policy of requiring a clear consent.
In the present case, the defendants did not read the confession of judgment provision in the lease. Instead, they relied upon the plaintiff’s attorney for guidance, having been dissuaded by the plaintiff from procuring outside counsel. The attorney did not mention the cognovit provision, and in retrospect thought that he had represented the plaintiff alone. Without intending in the slightest to suggest any impropriety on the part of the attorney, we do not feel that the circumstances of *323 this case suggest the clear consent necessary to sustain a confession of judgment clause.
Under Pennsylvania Rule of Civil Procedure 2959 (c), a party seeking to open a judgment must state in his petition the grounds upon which he relies. Paragraph 10 of the defendants’ petition sufficiently raises the ground upon which this case is decided.
The order of the court below is reversed, the judgment is opened, and the record is remanded with a procedendo.

 The entire provision reads as follows: “If rent and/or any charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid, Lessee hereby empowers any Prothonotary, Clerk of Court or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges, payments, costs and expenses, and in said suits or in said amicable action or actions to confess judgment against Lessee for all or any part of the rent specified in this lease and then unpaid including, at *319 Lessor’s option, the rent for the entire unexpired balance of the term of this lease, and/or other charges, payments, costs and expenses reserved as rent or agreed to be paid by the Lessee, and for interest and costs together with an attorney’s commission of 5%. Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time as often as any of said rent and/or other charges, payments, costs and expenses, reserved as rent shall fall due or be in arrears, and such powers may be exercised as well after the expiration of the original term and/or during any extension or renewal of this lease.”

 As Mr. Justice Douglas pointed out in D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S. Ct. 775 (1972) (concurring opinion), a debtor, in order to open a judgment by confession in Pennsylvania, must prove his defense by a preponderance of the evidence rather than merely pose a jury question; he must then *320 again prevail by that standard at a subsequent trial. This is apparently in contradistinction to the procedure in Ohio, where an opening is said to require a mere establishment of a jury question [Id. at 190 n.*, 92 S. Ct. at 784 n.*], and in Illinois, which requires only a showing of a prima facie defense, without the court’s considering the merits. Barrick v. Barnes, 46 Ill. App. 2d 172, 196 N.E.2d 526 (1964). Only these three states, Pennsylvania, Ohio, and Illinois, still “specifically allow for and do not, in some way, restrict cognovits.” Hopson, Cognovit Judgments: An Ignored Problem of Due Process and Full Faith and Credit, 29 U. Chi. L. Rev. 111, 131 (1961).
As noted by the Pennsylvania Supreme Court, a typical warrant of attorney is often accompanied by a waiver of a number of rights, as was the present one. Cutler Corp. v. Latshaw, 374 Pa. 1, 97 A.2d 234 (1953). Thus, the warrant has been called “perhaps the most powerful and drastic document known to civil law.” Id. at 4, 97 A.2d at 236.

 1 Williston, A Treatise on the Law of Contracts §12 (3d ed. 1957).

 Heyer v. Cunningham Piano Co., 6 Pa. Superior Ct. 504 (1898).

 3 A. L. Corbin, Contracts §559 (1960).

 Encyclopaedia Britannica, Inc. v. Cowan, 142 Pa. Superior Ct. 534, 16 A.2d 433 (1940).

 Ottman v. Nixon-Nirdlinger, 301 Pa. 234, 151 A. 879 (1930).

 Petrie v. Haddock, 384 Pa. 7, 119 A.2d 45 (1956).

 See note 2, supra. In Swarb v. Lennox, 314 F. Supp. 1091 (1970), aff'd, 405 U.S. 191, 92 S. Ct 767 (1972), a three-judge district court held unconstitutional, as violative of due process, Pennsylvania’s entries of judgment, on warrants of attorney contained in leases and consumer financing documents, against natural persons residing in Pennsylvania, having yearly incomes of under $10,-000, and having not been shown to have understanding^, intentionally, and voluntarily waived their rights. The recorded facts in this case do not permit a determination as to the applicability of Swarb.