## Kings Valley, Inc. v. Feeser

*Donald G. Oyler,* for plaintiff.
*Donald S. Marritz,* for defendants.

MacPHAIL, *P. J.,* May 6, 1975—In this case, plaintiff has confessed judgment for unpaid rent and attorney's commissions and has also confessed judgment in ejectment for the premises which were the subject of a written lease wherein plaintiff above-named is the lessor and defendants above-named are the lessees. Judgment was taken pursuant to a cognovit clause in the written lease agreement attached to the complaint. Defendant, Feeser, has petitioned to open and/or strike off the judgment. We issued a rule upon plaintiff to show cause why the judgment should not be stricken and/or opened and fixed the matter for hearing and/or argument. The hearing has been held and arguments have been heard. The matter is now ready for our disposition.

Feeser asks that the judgment be stricken because the lease refers to property at the north*east* corner of Route 116 and Route 16 in Liberty Township, Adams County, Pa., whereas the judgment in ejectment was taken with respect to property on the north*west* corner of that intersection. At the hearing, it appeared that the specification in the lease of the northeast corner was a mutual mistake of fact

because both parties admitted and agreed that the building occupied by defendants has always been, and was at the time of the lease, on the north*west* corner of the intersection. The motion to strike on that ground will be refused.

Feeser also asks that the judgment be stricken because it does not appear from the complaint or the judgment that Feeser knowingly and voluntarily waived his due process rights and his equal protection rights with respect to notice, hearing, warrant of attorney and confession of judgment. Furthermore, Feeser says it does not appear from the judgment or complaint that Feeser had a yearly income of $10,000 or more at the time he signed the lease.

In Investors Loan Corporation of Gettysburg v. Perez, 17 May term 1975 (Adams Co., April 23, 1975), we held that until there is some appellate authority to guide us or some specific guidelines in the rules of the Supreme Court, we will not strike judgments taken by confession where the judgment and complaint lack the information regarding waiver of constitutional rights and/or the income of the judgment debtor.

However, in the case now before us, Feeser also alleges these same grounds to open the judgment. In Egyptian Sands Real Estate, Inc. v. Polony, 222 Pa. Superior Ct. 315 (1972), the Superior Court of Pennsylvania held that it is necessary when a party takes a judgment under a cognovit clause that clear consent on the part of the parties against whom judgment has been taken be shown. Here, the lease was prepared by the lessor's attorney. It was completely filled out and executed by the lessor before it was delivered by a third person to the lessees for their signature. At the hearing before us, Feeser testified that he never heard of a confessed judgment. There is no testimony that he waived any due

process rights prior to the execution of the lease containing the cognovit clause. While the evidence in the case now before us is not as persuasive as that in the Egyptian Sands Case, supra, it is sufficient in our opinion to furnish grounds to open the judgment.

From the testimony we heard at the hearing, we are also satisfied that defendants have a meritorious defense.

Since defendant Feeser has shown a valid ground to open the judgment, a meritorious defense and adequate justification for the default (see 7 Standard Pennsylvania Practice 126, Opening Judgments, §107), the following order will be entered.

### ORDER

And now, May 6, 1975, the motion to strike the judgment in the within matter is denied. The petition to open the judgment is granted. Subsequent proceedings in this case shall be governed by the provisions of Pa. R.C.P. 2960, et seq.