447 A.2d 951

**Mary Jane SCOTT,**

v.

**1523 WALNUT CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1982.

Filed July 9, 1982.

4. Appellant has custody of the second child, born August 9, 1978.

Philip L. Blackman, Philadelphia, for appellant.

David A. Gradwohl, Philadelphia, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an order by the lower court denying the Defendant-Appellant's original petition and an amended petition to strike and/or open a judgment in ejectment which had been entered by confession. The action had originally been initiated by the Plaintiff-Appellee on September 5, 1980, with the filing of a complaint for confession of judgment in ejectment. On the same date, the Plaintiff-Appellee confessed judgment, which was entered by the Prothonotary against the Appellant. The property in question included the first floor and basement of 1523 Walnut Street, in Philadelphia, wherein the Appellant was at that

time operating a restaurant. Judgment was confessed pursuant to the authority of a confession of judgment clause and warrant of attorney contained in a commercial lease between the Appellee and the Appellant.

The Appellant filed a petition to strike and/or open judgment on September 22, 1980. On October 14, 1980, the Appellant filed a petition to amend its earlier petition. Subsequently, depositions were taken and were submitted to the lower court. The parties filed briefs and appeared before the court for oral argument. The Honorable Maurice Sporkin thereafter entered an Adjudication and Order and Decree dated July 22, 1981, denying the Appellant's petition and amended petition, and granting a writ of possession to the Appellee. A timely appeal was thereafter filed to our Court.

We must be mindful of several well-established concepts applicable in our review in cases like the instant one. First, a petition or motion to strike a judgment entered by confession must be treated differently than a petition or motion to open the same judgment. A petition or motion to strike is the proper remedy where fatal defects are apparent on the face of the record. *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A.2d 421 (1956). Where the moving party claims an irregularity on matters dehors the record, his claim must be asserted on a petition or motion to open the judgment. *Kros v. Bacall Textile Corp., id.; Goldberg v. Altman*, 190 Pa.Super. 495, 154 A.2d 279 (1959). While both types of claims may be raised in a single petition (Pa.R.C.P. 2959), it appears that all of the Appellant's contentions on appeal in the instant case, as will be more fully discussed below, are efforts to open, rather than to strike the judgment. See *Goldberg v. Altman, id.* It is held that an application to open a confessed judgment is an equitable proceeding, and is governed by equitable principles. *Sanctis v. Lagerbusch*, 213 Pa.Super. 483, 249 A.2d 919 (1968). In such cases, a reviewing court will not disturb the determinations reached by the lower court except in the circumstances of a clear and manifest abuse of discretion. *Triangle Build-*

*ing Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976).

The Appellant raises three principal contentions on this appeal. First, it argues that the lower court erred when it held that the warrants of attorney to confess judgment in ejectment, contained in lease and assignment documents entered into in 1950, were valid and binding upon the Appellant as a result of a renewal document signed in 1972. Second, it is contended that the confession of judgment was invalid because the Plaintiff failed to proceed in accordance with applicable provisions of the Pennsylvania Rules of Civil Procedure. Finally, the Appellant argues that the lower court erred in refusing to open the judgment because the Appellant had allegedly established a *prima facie* case of equitable estoppel. After thorough consideration of the evidence, in light of clearly established legal precedent, we are constrained to conclude that the lower court committed a clear and manifest abuse of discretion in denying the petition to open judgment which was filed by the Appellant. More specifically, we find merit in the first and second claims of error asserted by the Appellant.

As a preface to our analysis of the issues presented, it is appropriate that we first review the relevant evidence presented to the lower court. Except where otherwise specifically noted, our recitation of the facts adopts the findings of fact made by the lower court. In addition, we shall set forth facts which appear uncontradicted in the record, although they may not have been addressed in the lower court's findings of fact.

The record establishes that a lease agreement was entered on July 1, 1950 between William I. Mirkil Co., an agent, as lessor, and Marguerite Wallower, as lessee, for the rental of the street floor and basement of a premises situated at and known as 1523 Walnut Street, in the City of Philadelphia. The lease agreement provided that the initial date of the lease term was contingent upon the happening of several events, but that the term of the lease would end on September 30, 1955. The lease provided, in paragraph 41, that the

lessee, Ms. Wallower, was to cause a Pennsylvania corporation to be formed for the purpose of owning and operating a business to be carried on upon the demised premises. Further, it stated that upon formation of that corporation, the lease would be assigned to the corporation and upon its assumption, the corporation would become the actual lessee, instead of Ms. Wallower. We find the last sentence of paragraph 41 of the July 1, 1950 lease to be particularly significant to our analysis of the issues presented in the instant appeal. It stated: "Such assignment shall be effected by Lessor and Lessee and such corporation entering into an agreement *in the form of* that marked Exhibit 'A', attached hereto and hereby made a part hereof" (emphasis added). The lease also contained a clause establishing a warrant of attorney for the confession of judgment in ejectment, in the event of a nonpayment of rent, or other failure by lessee to comply with the terms of the lease.[1]

A second document, identified by the parties as the "Assignment" agreement was entered into by William I. Mirkil Co., an agent, as the lessor, and by Marguerite Wallower, and the Appellant, 1523 Walnut Corporation. The Assignment agreement set forth the agreement among all of the parties to the assignment by Ms. Wallower to the Appellant of all of her rights and obligations under the July 1, 1950 Lease. Further, the Appellant not only agreed to abide, in general, by all of the terms and conditions set forth in the Lease, but also specifically agreed to authorize confession of judgment in ejectment in the manner referred to in the Lease Agreement. There is no provision in the August 2, 1950 Assignment document under which the parties agreed that it would become a part of or be incorporated into the earlier lease between the lessor and Ms. Wallower.

By an agreement dated August 21, 1953, entered into between William I. Mirkil Co., Agent, as lessor, and the Appellant, as lessee, a renewal of the lease period was

---

1. We note that no issue is raised in the instant appeal to suggest that the language contained in the confession of judgment clause was itself defective in empowering the lessor to confess judgment in appropriate circumstances.

agreed to for an additional term of 3 years dating from October 1, 1955. Although that renewal agreement contained no new warrant of attorney to confess judgment in ejectment, it did make reference to both the original lease of July 1, 1950, and the assignment agreement dated August 2, 1950, and significantly, incorporated both documents by reference.

In December, 1958, both William I. Mirkil Co., as agent, and the Dean Corporation, the then current owner of the property, assigned and sold all of their respective interests in the said 1523 Walnut Street property to Mary Jane Gaynor, then a single woman, the Appellee in the instant appeal.

Another agreement was entered on July 31, 1956, between the Appellee, as lessor, and the Appellant, as lessee, extending the period of the lease until September 30, 1962. This 1956 document made reference to the July 1, 1950 lease agreement and the August 21, 1953 amendment, but did not specifically incorporate either by reference or note either as an exhibit. However it did provide: "All other terms, conditions, stipulations and provisions contained in the lease agreement of July 1, 1950, as amended August 21, 1953, which are not inconsistent herewith are hereby ratified and confirmed".

Another agreement was entered into between the Appellee and the Appellant on August 7, 1961. It expressed the desire by the parties to further amend the lease agreement dated July 1, 1950, as amended August 21, 1953 and as further amended July 31, 1956. The 1961 agreement did not specifically incorporate the July 1, 1950 lease agreement, but did provide: "The parties do hereby release each other from any claims which each may have against the other under the terms of the lease agreement up to the date hereof and otherwise do hereby ratify and confirm all terms of the lease agreement dated July 1, 1950, as heretofore amended, not inconsistent herewith." The August, 1961 agreement provided for the extension of the lease period until September 30, 1970. Like the 1953 and 1956 lease renewal agreements, the 1961 agreement did not contain a clause providing for

the confession of judgment in ejectment in the event of nonperformance by the Appellant of any of the terms of the lease, including a failure in the payment of rent.

The final written agreement between the parties was entered into on August 23, 1972. It provided for the extension of the lease for a period of ten years commencing October 1, 1975. As to the original lease, which contained the confession of judgment clause, it provided: "Except as modified hereby, the terms of the Lease Agreement dated July 1, 1950, as heretofore amended, shall remain in full force and effect". The August, 1972 agreement did not itself include a cognovit clause, nor did it incorporate by reference any other document.

The lower court found as a fact that the original lease and assignment were attached to each renewal document. No agreement between the parties after the initial 1953 extension agreement made any reference to the August 2, 1950 Assignment document, under which the Appellant assumed the rights and liabilities of Mrs. Wallower under the July 1, 1950 lease and which also contained a clause granting a warrant of attorney for the confession of judgment.

As stated earlier, the Appellant's initial claim on this appeal is that the warrants of attorney to confess judgment in ejectment, set forth in the 1950 lease and Assignment, were not binding upon the Appellant. An analysis of this issue requires an examination of legal precedent, which is well-established, regarding the question of the enforceability of such contract clauses. It is clear that the law closely scrutinizes any transaction based upon a warrant of attorney for the confession of judgment. Former Justice Musmanno colorfully described the prevailing view in *Cutler Corp. v. Latshaw*, 374 Pa. 1, 4–5, 97 A.2d 234, 236 (1953), when he declared:

"A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption

laws, he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed."

*Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A.2d 303 (1956) is a lead case in articulating the factors to be considered in cases wherein the validity of a warrant of attorney to confess judgment in a lease is in issue. In *Frantz*, the Supreme Court, citing *Cutler Corp. v. Latshaw*, *supra*, noted that: (1) the warrant must be in writing; and (2) it should be signed by the party against whom it is asserted. Further, after reviewing other precedent, the Court declared as a third requirement that the requisite signature must bear a direct relation to the warrant, and may not be implied extrinsically nor be imputed from an assignment of the instrument containing the warrant. It is noteworthy that in *Frantz*, the Supreme Court affirmed the lower court's order striking judgments taken by confession, where the warrant of attorney clause was contained in small print among clauses on the reverse side of a lease form, even though the face of the lease contained a general reference binding the lessee to all of the terms set forth on the reverse side. In its discussion of the law applicable in such cases, the Supreme Court offered several observations which are quite pertinent here, considering the facts presented in the instant case:

"We recently had occasion to point out that, ordinarily, it is immaterial where the parties to a written agreement sign it so long as the meeting of the parties' minds, which their signing betokens, embraces all of the writings constituting the contract at the time of its execution. See *Petrie v. Haddock*, 384 Pa. 7, 119 A.2d 45. But, that is not true of a provision for a warrant of attorney. Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the

lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

"A warrant of attorney to confess judgment has a very special and significant status. An assignment of a lease binds the assignee with all the terms and conditions thereof *except* a provision for a warrant of attorney to confess judgment against the lessee; and, this is so even where the assignee formally agrees with the lessor to an assignment of a lease by endorsing thereon that he, the assignee, accepts it 'according to its full tenor and effect'. Such, indeed, was the ruling in *Ahern v. Standard Realty Co.*, 267 Pa. 404, 405, 110 A. 141, where a judgment confessed against the assignee after his express acceptance of the lease was stricken off." (emphasis in original). 384 Pa. at 216–217, 120 A.2d 303.

Our Court also has spoken on the requirements for the enforceability of a cognovit clause in a lease. In *Egyptian Sands Real Estate, Inc. v. Polony*, 222 Pa.Super. 315, 294 A.2d 799 (1972), we reversed a lower court's refusal to open a judgment entered by confession where we found no clear manifestation of consent to the cognovit clause of the lease by the lessees. Citing precedent, this Court recognized the following concepts:

"Under general rules, a provision in a contract survives a modification as to some other term; a covenant of a lessee is binding upon his assignee; and a promise on the second page of a document is binding upon a promisor who signs on the first page.

"But, with respect to a cognovit provision, Pennsylvania will not presume an intent of parties to a modified contract to perpetuate a warrant of attorney. *Solazo v. Boyle*, 365 Pa. 586, 76 A.2d 179 (1950). Nor will a lease's cognovit clause be binding upon the lessee's assignee. *Ahern v. Standard Realty Co.*, 267 Pa. 404, 110 A. 141 (1920). And a warrant of attorney on the second page of a document will not be conclusive against the signer of the first page. *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A.2d 303 (1956). . . .

"The theme running through the above-cited cases pertaining to cognovit clauses is that Pennsylvania requires a clearer manifestation of consent to sustain a warrant of attorney to confess judgment than it does to sustain a normal contract provision." 222 Pa.Super. at 321–22, 294 A.2d at 803–804.

■ With all of these concepts in mind, we perceive no justifiable basis for the lower court's refusal to open the confessed judgment in this case. First, it is clear that the cognovit provision in the July 1, 1950 lease could not alone support the 1980 confession of judgment. The Appellee must, of necessity, rely upon the terms of the latest amendment agreement between the parties, dated August 23, 1972, as that was the only document which was effective as of the date of the Appellee's action. A prefatory paragraph of the August, 1972 agreement recited that the parties were lessor and lessee to the property in question under the July 1, 1950 lease agreement and the various consecutive amendment agreements, and also stated the desire of the parties to further amend the lease agreement to extend the term thereof. The 1972 document made several other references to the July 1, 1950 lease, and, as discussed earlier, provided that: "Except as modified hereby, the terms of the Lease Agreement dated July 1, 1950, as heretofore amended, shall remain in full force and effect." As previously explained, although the original lease and the 1953, 1956, and 1961 extension agreements were apparently attached to the 1972 agreement, none was designated in the latter as an exhibit

nor was any specifically incorporated therein by reference. Finally, it should again be recognized that no warrant of attorney for the confession of judgment in assumpsit was set forth in the 1972 document.

In these circumstances, prevailing legal precedent precludes a finding that the confessed judgment was valid in this case. First, we are not permitted to presume that it was the intent of the parties, in their various agreements up through and including the 1972 agreement, to perpetuate the 1950 warrant of attorney. See *Solazo v. Boyle*, 365 Pa. 586, 76 A.2d 179 (1950). Next, we may not treat the cognovit clause in the 1950 lease as a binding part of the 1972 agreement, as it was only in an appended document, and thus bore no direct relation to the signature of the Appellant's representative on the 1972 document. See *Frantz Tractor Co. v. Wyoming Valley Nursery, supra.* Next, there is a total absence of the clear manifestation of consent which is required to sustain the validity of a cognovit clause. See *Egyptian Sands Real Estate, Inc. v. Polony, supra.* Finally, we recognize that the mere general reference in the 1972 document to the July 1, 1950 lease is insufficient to bind the Appellant to the warrant of attorney clause set forth in that lease. *Frantz Tractor Co. v. Wyoming Valley Nursery, supra.*

While it is evident that the cognovit clause in the July, 1950 lease provided no legally justifiable support for the confession of judgment in this case, we must also address the question of whether the same type of clause in the August 2, 1950 Assignment agreement would support the Appellee's confession of judgment against the Appellant. A brief review of the Assignment agreement might well lead to the conclusion that the warrant of attorney for the confession of judgment in that document could substantiate the Appellee's action. The document is not dated, so it presumably remains effective. We find it unnecessary to analyze the question of the current enforceability of that Assignment provision however, because it is clear that even if we consider it to be valid and binding upon the Appellant

the Appellee has nevertheless failed to follow required procedures in confessing judgment in this case.

Pa.R.C.P. 2951 sets forth the methods by which a party may proceed in our courts to confess judgment for money. Subdivision (d) of that Rule provides: "If the instrument is more than twenty (20) years old, judgment may be entered *only by leave of court after notice and the filing of a complaint* under Subdivision (b). (emphasis added). Pa.R. C.P. 2970 pertains to the confession of judgment for possession of real property. It states: "Except as otherwise provided in this chapter, the procedure in an action to enter a judgment in ejectment for possession of real property by confession pursuant to an instrument authorizing such confession shall be in accordance with the rules relating to confession of judgment for money." There is no reference in any other rule with respect to the confession of judgment for the possession of real property which provides for a procedure other than as set forth in Rule 2951(d), when the instrument containing the cognovit clause is more than twenty (20) years old. In the instant case, the Assignment agreement was effective on August 2, 1950, while the confession action was not instituted until over thirty (30) years later in September, 1980. There is no suggestion that the Appellee sought leave of court or provided notice before causing the judgment to be entered in the instant case. This failure by Appellee to follow the clearly applicable Rules of Procedure certainly invalidated these proceedings, even if we assume the cognovit clause in the 1950 Assignment agreement to be currently valid.

In view of the conclusions we have reached, it is unnecessary that we analyze the questions presented by the Appellant's third argument, concerning an alleged equitable estoppel. We believe it to be appropriate, however, to state that our decision is restricted to the narrow issue of whether the lower court manifestly abused its discretion in finding valid the Appellee's action causing a judgment in ejectment to be entered by confession in this case. We reach no conclusion and express no opinion regarding the merits of the underly-

ing dispute between the parties, and our decision may not be construed to preclude any further legal proceedings by the Appellee against the Appellant seeking ejectment or other remedies for the alleged breach of the lease. In that regard, we also note that we have made no findings at all concerning the validity of the lease.

The Order of the lower court is reversed, the judgment is opened, and the record is remanded for further proceedings on the Appellee's Complaint. Jurisdiction is not retained.