## JRD Inc. v. Edwards

*Wieslaw T. Niemoczynski,* for plaintiff.
*Joseph P. McDonald Jr.,* for defendant.

MILLER, *J.,* April 15, 1992—On February 6, 1991, plaintiff contractor filed a complaint in confession-of-judgment with the prothonotary of Monroe County who

thereupon entered judgment against defendant home-owner in the amount of $17,266.70. On January 7, 1992, the plaintiff filed a praecipe for writ of execution; a Sheriff's Sale was subsequently scheduled for February 26, 1992. On February 10, 1992, the defendant filed a petition to open or strike the judgment previously entered by confession. Thereafter, plaintiff filed an answer to the petition. Following submission of briefs by the parties and oral argument on April 6, 1992, this court is now ready to proceed with the disposition of the issues raised by defendant's petition.

In her petition, defendant requests this court to strike the judgment entered by confession as being defective on its face. Alternatively, we are requested to open the judgment and remand any dispute to a Board of Arbitrators as required by paragraph 17 of the underlying construction agreement.

The record presented to us establishes that on January 27, 1990, the parties hereto executed an agreement for the construction of a home by plaintiff for defendant on Lot 49, section 5, Brier Crest Woods subdivision, Tunkhannock Township, Monroe County. Paragraph 12 of said agreement authorized confession of judgment against the defendant and enforcement of said judgment upon a default by defendant of the terms of the agreement. According to the complaint in confession of judgment filed by plaintiff, defendant had failed and refused to perform certain required work on the house in accordance with the agreement's provisions. At that time, February 6, 1991, the final draw on the agreement was allegedly due and payable, in the amount of $12,500 which, according to plaintiff, defendant had failed and refused to pay. Furthermore, according to plaintiff,

there was a total due in the amount of $3,197 for "extras" under the contract as well as a provision for attorney's fees in the amount of ten percent, or $1,569.70. This resulted in a judgment entered by confession against defendant in the full amount of $17,266.70.

Defendant, by way of her petition, now asserts that this entry of judgment by confession against her was invalid on the grounds that she failed to understand the full legal significance of paragraph 12 of the agreement containing a confession of judgment and warrant of attorney. Consequently, according to defendant, she never provided a full, knowing and meaningful waiver of her rights to service and notice prior to the entry of the judgment on this contract.

In *Cutler Corp. v. Latshaw,* 374 Pa. 1, 97 A.2d 234 (1953), Justice Musmanno vividly described contractual provisions of the nature instantly under examination as follows:

"A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed." *Id.* at 4-5, 91 A.2d at 236.

Pennsylvania courts take a particularly close look at such contractual clauses following the U.S. Supreme Court's decision in *D.H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 31 L.Ed.2d 124, 92 S.Ct. 775 (1972) in which it was held that a confession of judgment clause and warrant of attorney were not violative of the Due Process Clause of the 14th Amendment of the U.S. Constitution provided that there was a showing that the debtor had (1) voluntarily and knowingly waived rights to service and notice, (2) with full awareness of the legal consequences of this waiver, (3) following negotiations between the debtor and creditor as parties of equal bargaining power and (4) with advice of competent counsel.

Pennsylvania court consistently subject contracts which include provisions authorizing confession of judgment to close scrutiny. *Scott v. 1523 Walnut Corporation*, 301 Pa. Super. 248, 447 A.2d 951 (1982). Authority for confession of judgment must be in writing and signed by the debtor. *Egyptian Sands Real Estate Inc. v. Polony*, 222 Pa. Super. 315, 294 A.2d 799 (1972). As a matter of public policy, courts of this Commonwealth will require a showing that the debtor's consent to the confession of judgment was clearly given before upholding the validity of a confessed judgment. *Id.* This showing must be clearer than that necessary to sustain ordinary contract provisions. *Id.*

Factors which may enter into a judicial determination of the validity of a debtor's waiver, via a confession of judgment clause, of his rights to service and notice include the availability to the debtor of competent, independent legal advice, the placement of the clause within the body of the agreement as well as the lengths

of the agreement and clause respectively. *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A.2d 303 (1956); *Egyptian Sands Real Estate Inc. v. Polony, supra.*

In the instant case, plaintiff's complaint in confession of judgment failed to allege that defendant signed the construction agreement with full awareness of legal significance of the confession of judgment clause. Nor does the agreement itself, attached to the complaint as Exhibit (A), nor any other documentation provided in the record, specifically indicate that defendant consented to the inclusion of paragraph 12. The agreement itself is an eight page, 1,600 word-plus document. The confession of judgment clause appears on page five of said agreement without any indication, by virtue of typeface or otherwise, of its legal import. The clause itself is comprised of two sentences, the first of which is 270 words long. Furthermore, the record fails to establish that defendant had the advice of independent, competent counsel during negotiations on this contract. We take note that defendant's counsel apprised us during oral argument that, in fact, defendant had no independent legal representation when she signed the instant agreement.

Based upon the foregoing analysis, we conclude that the circumstances surrounding the execution of the instant agreement fail to establish that defendant provided knowing and meaningful consent to the inclusion of the confession of judgment clause. Defendant is, therefore, entitled to have the judgment entered pursuant to said contractual provision stricken. In light of this holding, we find it unnecessary to reach the other issues raised by defendant's petition.

## ORDER

And now, April 15, 1992, it is hereby ordered that the petition of defendant Denise B. Edwards to strike the judgment against her is granted.