J. S37041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

DEVINDER SINGH                                       :        IN THE SUPERIOR COURT OF
                                                     :              PENNSYLVANIA
                             v.                      :
                                                     :
AHMIR KAHN AND                                       :
HOSINA MOMTAJ H/W,                                   :        No. 175 EDA 2019
                                                     :
                             Appellants              :


Appeal from the Order Entered November 27, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. August Term 2018-01928


BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 22, 2019**

Ahmir Kahn and Hosina Momtag (collectively, "appellants") appeal from

the November 27, 2018 order entered by the Court of Common Pleas of

Philadelphia County denying their motion to open and/or strike judgment.

After careful review, we affirm.

The trial court set forth the following:

> In October 2017, [appellants] executed a $65,989.00
> promissory note in favor of [Devinder Singh
> ("Singh")].  The promissory note contained a warrant-
> of-attorney empowering [Singh] to confess judgment
> upon a default committed by [appellants].  In addition
> to executing the entire promissory note, [appellants]
> affixed their respective initials upon two spaces
> immediately below the warrant-of-attorney.   On
> August 21, 2018, [Singh] confessed judgment against
> [appellants] on the grounds that [appellants] had
> defaulted on the promissory note by failing to remit
> certain monthly payments since November 1, 2017.

On October 30, 2018, [appellants] filed the instant petition to strike or open the judgment. [Appellants] aver that the judgment should be stricken because [Singh] claims conflicting amounts in the record. [Appellants] also aver that the judgment should be stricken because [Singh] failed to aver the occurrence of a default, as required under the promissory note. At last, [appellants] aver that the judgment should be stricken because prior to the entry of judgment, [Singh] failed to provide a notice of such an intent.

. . . .

[Appellants] seek to open the judgment on grounds that they are not sufficiently fluent in the English language, did not understand the terms contained in the promissory note, and did not knowingly waive their due process rights. In addition, [appellants] aver that the judgment should be opened because [Singh] has failed to set-off the judgment amount by $10,000.00 in reflection of two payments which [appellants] allegedly made before [Singh] entered the judgment.

Trial court order, 11/27/18 at 1-2 n.1 (citations to record omitted).

Appellants filed a timely notice of appeal to this court on December 27, 2018. The trial court did not order appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it incorporated its November 27, 2018 order.

Appellants raise the following issues for our review:

> A. Did the trial court err in not opening the judgment where it was admitted by both parties that [appellants] were not represented by counsel and that [appellants] were not fluent in the English language?

> B.    Did the trial court err in not striking and/or opening the judgment where the fact of the note indicates uncertainty as to whether [appellants] voluntarily accepted the Confession of Judgment Clause and the coincident waiver of rights?
>
> C.    Where the Complaint in Confession, upon Petition and Response, is revealed to contain falsehoods on its face, should it be stricken?

Appellants' brief at 3.

In their first issue, appellants aver that they were not represented by counsel at the time they signed the promissory note and they did not understand the confession of judgment provisions in the note due to their inability to understand the English language. (***Id.*** at 6.) Accordingly, appellants contend that the judgment should be reversed and that we should remand for "an evidentiary hearing relating to the circumstances under which the confession of judgment clause was obtained." (***Id.*** at 7.)

A trial court's denial of a petition to open judgment "will not be disturbed absent a manifest abuse of discretion." ***PNC Bank v. Kerr***, 802 A.2d 634, 638 (Pa.Super. 2002). In order to open a judgment, a party must, ***inter alia***, allege a meritorious defense. ***PNC Bank, Nat. Ass'n. v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa.Super. 2010), citing ***RAIT Partnership, LP v. E Pointe Properties I, Ltd.***, 957 A.2d 1275, 1277 (Pa.Super. 2008).

In their argument, appellants rely on our decision in *Egyptian Sands Real Estate v. Polony*, 294 A.2d 799 (Pa.Super. 1972). Therein, an *en banc* panel of this court reversed the trial court's denial of the defendants' petition to open a judgment entered against them. *Id.* at 801. *Egyptian Sands*, however, is distinguishable from the present case. The defendants in *Egyptian Sands* immigrated to the United States from Hungary and, at the time they executed the lease at issue, which contained a warrant of attorney provision, had no formal training in the English language, spoke "broken English," and had not procured counsel. *Id.* Instead, the plaintiff's president persuaded the defendants, who wished to procure outside counsel, to use the plaintiff's attorney. *Id.* Put another way, plaintiff's counsel was representing both parties. *Id.* This court specifically found that the defendants "relied upon the plaintiff's attorney for guidance, having been dissuaded by the plaintiff from procuring outside counsel." *Id.* at 804. This court ultimately reversed the trial court because the circumstances of the case led to the conclusion that the consent required to sustain a confession of judgment clause was lacking. *Id.*, *see also Cutler Corp. v. Latshaw*, 97 A.2d 234, 236 (Pa. 1953) (holding that consent of a party authorizing confession of judgment be clearly given as a matter of public policy).

Here, there is no evidence of record that appellants were dissuaded from seeking outside counsel or that Singh's counsel was representing both parties. An allegation of a lack of understanding of the warrant of attorney provisions

does not constitute grounds to open or strike a confession of judgment. ***Dollar Bank, Fed. Sav. Bank v. Northwood Cheese Co., Inc.***, 637 A.2d 309, 313 (Pa.Super. 1994), ***appeal denied***, 653 A.2d 1231 (Pa. 1994). Accordingly, we find that appellants have not raised a meritorious defense. Therefore, the trial court did not abuse its discretion when it denied appellants' motion to open/strike the confession of judgment.

In their next two issues, appellants contend that the "face of the [promissory] note indicates uncertainty as to the consent given by [appellants,]" and that the complaint in confession of judgment contains a "falsehood on its face." (Appellants' brief at 7-8.) Specifically, the alleged falsehood pertains to the date appellants defaulted on the promissory note. Singh contends that appellants have waived both issues on appeal for failing to properly raise them before the trial court. (Singh's brief at 15, 18.)

Petitions to strike off or open a judgment are governed by Pennsylvania Rule of Civil Procedure 2959. Rule 2959 specifically requires that "all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition." Pa.R.Civ.P. 2959(a)(1). The Rule further states that, "[a] party waives all defenses and objections which are not included in the petition or answer." Pa.R.Civ.P. 2959(c), cited by ***Stahl Oil Co., Inc. v. Helsel***, 860 A.2d 508, 515 (Pa.Super. 2004), ***appeal denied***, 885 A.2d 43 (Pa. 2005).

Based on our review of the record, we find that appellants failed to raise an issue pertaining to the uncertainty of their consent to the warrant of

J. S37041/19

attorney provision. Appellants likewise failed to raise a discrepancy as to the date they were alleged to have defaulted on the promissory note. Accordingly, appellants waive their second and third issues on appeal. ***See*** Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/19</u>