J-S02020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLINGTON EQUITIES, LLC | : | |
| | : | No. 770 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered February 21, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220803234

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:         **FILED FEBRUARY 15, 2024**

Willington Equities, LLC (Willington), appeals from the order denying its petition to open or strike the confessed judgment entered against it and in favor of Wilmington Savings Fund Society, FSB (WSFS). We affirm.

On August 4, 2015, Willington entered into a Construction Loan Agreement and a Promissory Note (the Note) with The Bryn Mawr Trust Company (BMT), under which BMT extended to Willington a commercial construction loan in the principal amount of $1,370,000. Complaint in Confession of Judgment, 8/30/22, ¶ 4. The Note set forth repayment terms and contained, *inter alia*, the following confession of judgment provision:

> **CONFESSION OF JUDGMENT.** BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR

---

[*] Former Justice specially assigned to the Superior Court.

THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR BORROWER AFTER A DEFAULT UNDER THIS NOTE AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE AND ALL ACCRUED INTEREST, LATE CHARGES AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THIS NOTE, TOGETHER WITH COSTS OF SUIT, AND A REASONABLE ATTORNEY'S COMMISSION/FEE FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE THOUSAND DOLLARS ($5,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS NOTE OR A COPY OF THIS NOTE VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS NOTE TO CONFESS JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS NOTE. BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO BORROWER'S ATTENTION OR BORROWER HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

*Id.*, Exhibit B (Note) at 3.

On September 17, 2021, Willington and BMT executed a Note Amendment extending the loan's maturity date to June 30, 2022, and modifying the payment and prepayment penalty terms. *Id.* ¶ 6, Exhibit C (Note Amendment). The Note Amendment referred to the original Note, including its confession of judgment provision, in the following provisions:

3. Loan Documents. All Loan Documents[1] shall secure payment of all principal, interest, late charges and any other sums due under the Note as modified by this Amendment. All Loan Documents referred herein and the entire content thereof are hereby fully incorporated herein by this reference.

\*\*\*

5. Ratification of Loan Documents. Except to the extent expressly modified or amended herein, all terms, conditions, covenants, representations, warranties and all other contents of the Note and all other Loan Documents (including, without limitation, the events of default and the remedies of the Lender contained therein) are hereby fully incorporated herein by this reference as though set forth herein at length and shall remain in full force and effect and shall continue to be fully enforceable as long as any sum due, or to become due, under the Loan and/or any of the Loan Documents remains outstanding.

\*\*\*

**14. Confession of Judgment. Borrower specifically acknowledges, agrees to and does hereby reaffirm the warrant of attorney to confess judgment against the Borrower contained in the Loan Documents.**

**THE BORROWER EXPRESSLY ACKNOWLEDGES THAT: (i) THE BORROWER HAS BEEN REPRESENTED BY LEGAL COUNSEL IN CONNECTION WITH THIS TRANSACTION; AND (ii) IN THE EVENT LENDER EXERCISES THE WARRANT OF ATTORNEY GRANTED HEREIN SUCH ACTION MAY BE ADVERSE TO BORROWER'S INTERESTS. BORROWER HEREBY EXPRESSLY WAIVES THE DUTIES THAT MAY BE IMPOSED UPON LENDER PURSUANT TO 20 PA.C.S. § 5601.3(b) IN EXERCISING ITS RIGHTS HEREUNDER.**

15. Acknowledgement of Waiver of Rights. The Borrower hereby acknowledges and agrees that by agreeing that the Lender may confess judgment hereunder, Borrower waives any rights

---

[1] The Note Amendment defined "Loan Documents" to include "[t]he Note and any and all other documents executed from time to time in connection therewith, as the same may be amended…." Note Amendment at 1 (unpaginated).

> Borrower may have, including without limitation, the right to notice of any constitutional or other right Borrower may have to a prior judicial proceeding to determine Borrower's rights and liabilities hereunder, and the Borrower further acknowledges and agrees that the Lender, upon a default hereunder, may obtain a judgment against the Borrower without Borrower's prior knowledge or consent and without the Borrower's opportunity to raise any defense, setoff, counterclaim or other claim the Borrower may have, and the Borrower hereby expressly waives such rights as an explicit and material part of Borrower's consideration for the Loan as amended by this Amendment. No single exercise of the foregoing warrant and power to confess judgment is deemed to exhaust the power, whether or not any such exercise is held by any court to be invalid, voidable or void, but the power shall continue undiminished and may be exercised from time to time as often as the Lender elects until all indebtedness has been paid in full. The Lender may, in its sole discretion, exercise the authority contained herein against the Borrower at any time or times or at different times.

Note Amendment ¶¶ 3, 5, 14, 15 (bold in original; footnote added).

On January 1, 2022, WSFS became BMT's successor-in-interest via merger. *Id.* ¶ 1. According to WSFS, Willington failed to make the final payment on the construction loan, which was due June 30, 2022. *Id.* ¶ 8. On August 30, 2022, WSFS filed a complaint in confession of judgment, and judgment by confession was entered against Willington in the amount of $1,242,821.50.

On September 29, 2022, Willington filed a petition to open or strike the judgment and requested an emergency stay. The next day, the trial court directed WSFS to answer the petition and stayed execution until further order of court. WSFS thereafter filed an answer. On February 21, 2023, the trial court entered an order denying the petition and lifting the stay.

- 4 -

Willington filed a timely appeal. Both Willington and the trial court have complied with Pa.R.A.P. 1925.

Willington presents two issues for our review:

> 1. Was it an abuse of discretion and error of law for the trial court to deny the Petition to Open the Confessed Judgment entered on August 30, 2022, because said judgment should have been opened because the underlying Note containing the original warrant of attorney to confess judgment was materially amended on September 17, 2021, per a contract styled as an "Amendment to the Note,["] which did not expressly incorporate the warrant of attorney to confess judgment or contain its own warrant of attorney to confess judgment[?] …. Evidence outside the record showing the judgment must be opened [includes] the payment history of the Note, actions taken by the parties… after the Note was modified tending to show the Note was materially modified[,] and additional loan documents [that were] not attached to the Complaint but referenced in the Note and Amendment to the Note?
>
> 2. Was it an abuse of discretion and error of law for the trial court to deny the Petition to Strike the Confessed Judgment entered on August 30, 2022, because said judgment should have been stricken because the record demonstrated that the underlying Note containing the original warrant of attorney to confess judgment was materially amended on September 17, 2021, per a contract styled as an "Amendment to the Note,["] which did not expressly incorporate the warrant of attorney to confess judgment or contain its own warrant of attorney to confess judgment[?] ….

Willington's Brief at 4 (citations omitted).

As we determine Willington's first issue is waived, we address only its second issue.[2] Willington argues the judgment should be stricken because the

---

[2] Though Willington's statement of questions presented sets forth two issues, its brief fails to make a separate argument concerning its petition to open. *(Footnote Continued Next Page)*

- 5 -

Note Amendment did not adequately incorporate the original Note's confession of judgment provision and, therefore, that provision did not survive the amendment. Willington's Brief at 10-13. WSFS counters that the Note Amendment contains multiple provisions "explicitly stat[ing] the parties' intent to maintain the validity of the confession of judgment clause contained in the original Note." WSFS Brief at 8.

We review a trial court's ruling on a petition to strike or open a confessed judgment for an abuse of discretion or error of law. *Ferrick v. Bianchini*, 69 A.3d 642, 647 (Pa. Super. 2013).

> A petition to strike a judgment is a common-law proceeding that operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. An order of the court striking a judgment annuls the original judgment and the parties are left

---

*See* Willington's Brief at 4, 10-13; *see also* Pa.R.A.P. 2119(a) (requiring arguments to "be divided into as many parts as there are questions to be argued"). Willington does assert in passing that the judgment should have been opened because of "the payment history of the Note" and other evidence not attached to WSFS's complaint. Willington's Brief at 4. However, that assertion is contained only in Willington's statement of questions presented and is not developed elsewhere in its brief. *Id.* Willington fails to make any argument regarding the defenses it asserted below, which might have warranted opening the judgment. *See Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 884-85 (Pa. Super. 2019) ("When an appellant's argument is underdeveloped … we shall not … scour the record to find evidence to support an argument; instead, we will deem the issue to be waived.") (citation, quotation, and brackets omitted); *see also Commonwealth v. Einhorn*, 911 A.2d 960, 970 (Pa. Super. 2006) ("This Court will not become the counsel for an appellant, and will not, therefore, consider issues which are not fully developed in the brief." (citation omitted)). Accordingly, its first issue is waived.

as if no judgment had been entered. In assessing whether there are fatal defects on the face of the record, a court may only look at what was in the record when the judgment was entered.

***Stoltzfus v. Green Line Labs, LLC***, 303 A.3d 447, 452-53 (Pa. Super. 2023).

A "petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law." ***9795 Perry Highway Mgmt., LLC v. Bernard***, 273 A.3d 1098, 1102 (Pa. Super. 2022) (citation omitted). "The record must be sufficient to sustain the judgment. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits." ***Id.*** (citation, quotation, and brackets omitted).

This Court has observed that confessions of judgment are accorded "strict scrutiny" under Pennsylvania law:

> Entry of a valid judgment by confession must be made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken. A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given. A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.

***Chilutti v. Uber Tech., Inc.***, 300 A.3d 430, 442 (Pa. Super. 2023) (*en banc*) (citation, brackets, and emphasis omitted).

In **Ferrick**, we affirmed the denial of a petition to strike a confessed judgment and held that a lease amendment properly incorporated the original lease's confession of judgment provision. 69 A.3d at 652. In determining whether the provision remained in effect following the amendment, we observed, "There should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment…." **Id.** at 651. We further noted,

> A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

**Id.** (quoting **L.B. Foster Co. v. Tri-W Constr. Co.**, 186 A.2d 18, 19-20 (Pa. 1962)) (italics and brackets omitted).

The lease amendment in **Ferrick** did not restate the confession of judgment provision "in its entirety," but it did "much more than generally incorporate the terms of the original lease." **Id.** at 652. The amendment stated that "the confession of judgment provisions contained in [the original lease documents] are hereby republished and both Tenant and Assignee agree to be bound thereby in accordance with the terms thereof." **Id.** The tenant signed the amendment "immediately following the language confirming the parties' intention to be bound by the confession of judgment." **Id.** These circumstances, we determined, exhibited "the clear manifestation of consent

that is required to sustain the validity" of a confession of judgment provision. **Id.** (quoting **Egyptian Sands Real Est., Inc. v. Polony**, 294 A.2d 799, 804 (Pa. Super. 1972)).

Here, Willington argues that "a warrant of attorney must appear in the body of a contract and cannot be incorporated by a casual reference with a designation not its own." Willington's Brief at 12. Willington maintains "[t]he Warrant of Attorney to Confess Judgment was not incorporated by reference or reinstated verbatim within the 2021 Note Amendment but rather merely 'acknowledged' and 'reaffirmed' in reference to … unspecified 'Loan Documents'…." **Id.** at 12 (citing Note Amendment ¶ 14).[3] Willington's argument is inconsistent with **Ferrick**, which it does not distinguish.

A confession of judgment provision need not be restated verbatim in an amendment to remain enforceable. **Ferrick**, 69 A.3d at 652. Relying on **Ferrick**, the trial court held that "Willington clearly agreed in the [Note Amendment] to be bound by the Confession of Judgment provisions of… the original Note." Trial Court Opinion, 6/28/23, at 3. We agree.

Our review discloses the Note Amendment generally incorporated all of the original Note's terms, **see** Note Amendment, ¶¶ 3, 5 (quoted **supra**), but it did much more than that. It specifically reaffirmed the confession of judgment provision in a separate paragraph, stating: "**Borrower specifically**

---

[3] Contrary to Willington's assertion, the Note Amendment specifically defined "Loan Documents" to include the Note. **See** n.1 **supra**.

**acknowledges, agrees to, and does hereby reaffirm the warrant of attorney to confess judgment against the Borrower contained in the Loan Documents**." Note Amendment, ¶ 14 (bold in original).  The paragraph reaffirming the confession of judgment provision appears conspicuously in bold font and is the only emphasized language in the Note Amendment.  *Id.* The next paragraph again stressed the confession of judgment provision's continuing effect, stating:

> The Borrower hereby acknowledges and agrees that by agreeing that the Lender may confess judgment hereunder, Borrower waives any rights Borrower may have … and the Borrower further acknowledges and agrees that the Lender … may obtain a judgment against the Borrower without Borrower's prior knowledge or consent and without the Borrower's opportunity to raise any defense….

*Id.* ¶ 15.  Paragraphs 14 and 15 appear on the fourth page of the five-page Note Amendment.  Willington's signature appears on the fifth page.

In light of the foregoing, we conclude the Note Amendment exhibited "the clear manifestation of consent that is required to sustain the validity" of the original Note's confession of judgment provision.  *Ferrick*, 69 A.3d at 652. As in *Ferrick*, the amendment here "specifically republished the terms of the confession of judgment and clearly stated the parties' intent that it continue in effect."  *Id.*  We discern no abuse of discretion or error of law in the trial court's denial of Willington's petition to strike the judgment.

Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/15/2024