Defendant-appellant, R. Thomas Schram, appeals the judgment of the Hamilton County Court of Common Pleas denying his motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm the judgment of the trial court.
The record indicates that, in 1996, Schram entered into a contract titled "Limited Guaranty and Suretyship" ("Credit Guaranty"). Pursuant to the Credit Guaranty, Schram was the guarantor of certain debts incurred by defendants the Eger Group, Inc., and Precision Marketing, Ltd. Then, in 1997, Schram executed a document titled "Guaranty Agreement with Power to Confess Judgment" ("Lease Guaranty"), guaranteeing certain debts of Precision Marketing, Ltd. Both contracts included cognovit (or confession-of-judgment) provisions.
In May 1998, plaintiffs-appellees PNC Bank, Ohio, National Association, and PNC Leasing Corporation filed actions against Schram upon the guaranty agreements and obtained a judgment pursuant to the cognovit clauses of the contracts. The instant appeal followed.
In his first assignment of error, Schram argues that the trial court erred by denying his motion for relief from judgment. Relief from a judgment taken upon a cognovit note may be granted pursuant to Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, and (2) does so in a timely application.[1]
The decision to grant or deny a motion for relief from judgment is within the discretion of the trial court and will not be reversed absent an abuse of that discretion.[2] An abuse of discretion means more than a mere error of law or judgment; it implies that the decision of the trial court is arbitrary, unreasonable, or unconscionable.[3]
Here, Schram's petition to vacate the cognovit judgment was filed ten days after that judgment was journalized by the court below and was, therefore, beyond dispute filed in a timely manner. Accordingly, this assignment rises and falls upon the question of whether the trial court abused its discretion in rejecting Schram's proffered defenses.[4] We find no abuse of discretion in the trial court's decision.
Schram's first proffered defense is that the judgment entry is incorrect, because it grants a joint judgment in favor of the appellees. The record does not reflect the error of which Schram complains. As noted by the appellees, the judgment reflects that Schram was liable, pursuant to the Credit Guaranty, upon the default of the Eger Group, in the amount of $425,000, plus interest. The documents attached in support of the complaint reflect that the Credit Guaranty related to the debts owed to PNC Bank.
Similarly, the judgment also reflects that Schram is liable, under the Lease Guaranty, in the amount of $518,366.17, plus interest and fees, upon the default of Precision Marketing. The judgment states that the Lease Guaranty related to the debts owed to PNC Leasing. We, therefore, do not agree that the lower court impermissibly entered a joint judgment in favor of the appellees.
Schram's next argument relates only to the Lease Guaranty. He contends that the lower court lacked jurisdiction to enter the cognovit judgment on the Lease Guaranty, because it did not contain the warning concerning an attorney's warrant to confess judgment mandated by R.C. 2323.13(D).[5] This defense fails, because the parties contracted that the agreements would be governed by Pennsylvania law.
The law of Ohio has long mandated strict compliance with the statutes governing an attorney's warrant to confess judgment.[6] However, the specific warning mandated by R.C.2323.13(D) is not required by the law of Pennsylvania.[7]
Although Schram contends that only the substantive law, as opposed to the procedural or remedial law, of Pennsylvania is to govern in the instant case, we find no such distinction in the choice-of-law provision upon which the parties expressly agreed. Further, in enforcing choice-of-law provisions, the Supreme Court of Ohio has not distinguished between substantive and procedural or remedial provisions.[8] Thus, finding no deficiency in the contract under Pennsylvania law, we hold that the trial court properly rejected the proffered defense based upon R.C. 2323.13(D).
Schram next asserts that his obligations under the agreements were discharged, because the appellees failed to inform him that the primary obligor's financial condition had changed adversely. Schram cites Section 124 of the Restatement of Security in support of this assertion. Assuming, without deciding, that this section of the Restatement of Security has been adopted by Ohio courts,[9] we find Schram's reliance to be misplaced, because this section pertains to sureties, not to guarantors.[10] Our reading of the agreements in the case at bar convinces us that Schram was a guarantor.
In Manor Care Nursing Rehab. Ctr. v. Thomas,[11] this court explained the distinction between a surety and a guarantor as follows:
 Suretyship is the contractual relation whereby one person, the surety, agrees to answer for the debt, default or miscarriage of another, the principal, with the surety generally being primarily and jointly liable with the principal. The primary distinction between a surety and a guarantor is that a surety is primarily liable with a principal, whereas the liability of a guarantor is secondary and collateral if the principal does not perform. The law requires an express agreement to create suretyship; it will not be implied. The examination of the precise wording of contractual language is crucial to a determination whether creation of a suretyship was intended.
Here, by the explicit terms of the contracts, Schram was liable to the appellees only upon the default of the principal obligors. Thus, the obligation created by the contracts was in the nature of a guaranty rather than a suretyship, rendering Schram's arguments under the above-cited section of the Restatement of Security irrelevant.
Schram, however, cites Section 82 of the Restatement of Security for the proposition that sureties and guarantors are to be accorded the same rights. We disagree. As noted by the appellees, Section 82 explicitly equates guarantors with sureties and is thus contrary to Ohio law, which specifically retains the distinction.[12] We, therefore, decline to apply Section 82 in the case at bar.
Finally, Schram cites R.C. 1341.03 as authority for the proposition that his obligations under the contracts were discharged. Schram's argument with respect to R.C. 1341.03 is not well taken, as that statute, once again, governs only sureties and not guarantors. Accordingly, the first assignment of error is overruled.
In his second and final assignment of error, Schram states that his rights to due process were violated by ex parte
communications between the trial judge and the appellees and by the trial court's issuance of an ex parte order. This claim was not raised below, and it therefore may not be raised for the first time on appeal.[13] Furthermore, Schram's due process arguments do not relate to any meritorious defense cognizable under Civ.R 60(B), and he has thus failed to demonstrate that the alleged ex parte proceedings rendered the trial court's denial of his motion for relief from judgment an abuse of discretion. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646,610 N.E.2d 542, 544, cited approvingly in Madison Designs v. Davis
(May 1, 1998) Hamilton App. No. C-970181, unreported. Although one of the arguments discussed infra necessitates a discussion of the law of Pennsylvania, none of the parties contends that Pennsylvania's civil rule regarding relief from judgments should be applied in the case at bar.
[2] See Rose Chevrolet, Inc., v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564, 566.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] A movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense at trial. SeeRose Chevrolet, supra at 20, 520 N.E.2d at 566.
[5] The Credit Guaranty contains the language mandated by R.C.2323.13(D).
[6] See Lathrem v. Foreman (1958), 168 Ohio St. 186,151 N.E.2d 905, paragraph one of the syllabus.
[7] See, generally, Scott v. 1523 Walnut Corp. (1982),301 Pa. Super. 248, 447 A.2d 951.
[8] See, generally, Schulke Radio Prod. v. Midwestern BroadcastCo. (1983), 6 Ohio St.3d 436, 453 N.E.2d 683.
[9] Neither Schram nor the appellees assert under this argument that Pennsylvania law controls. We accept, for the sake of addressing Schram's argument, that Ohio law applies.
[10] Schram cites Kawasaki Motors Corp. v. Navratil (October 9, 1985), Hancock App. No. 5. 84-26, unreported, for the proposition that Section 124 of the Restatement of Security correctly reflects the law of Ohio. This court is not bound by the Kawasaki
decision, and, in any event, we find it inapposite to the instant case, which involves a guarantor rather than a surety.
[11] Manor Care Nursing Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, 486-487, 704 N.E.2d 593, 596-597 (citations omitted).
[12] Id.
[13] See State ex.rel. Porter v. Cleveland Dep't of Pub. Safety
(1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308, 309 (holding that the appellant waived his statutory and constitutional claims by not raising them in proceedings below).