# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| R. JACOB BERGMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N22J-00660 |
| SH PARENT, INC., a Delaware corporation, and SURTERRA HOLDINGS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 27, 2023
Decided: December 4, 2023

## MEMORANDUM OPINION

*Plaintiff's Motion to Compel Discovery in Aid of Execution*:
**DENIED.**

*Defendants' Motion to Enforce Stipulated Judgment*:
**MOOT.**

Samuel T. Hirzel, II, Esquire and Gillian L. Andrews, Esquire (Argued), of HEYMAN ENERIO GATTUSO & HIRZEL LLP, Wilmington, Delaware, *Attorneys for Plaintiff*.

Jesse L. Noa, Esquire, (Argued) POTTER ANDERSON & CORROON LLP, Wilmington, Delaware, *Attorney for Defendants*.

**Adams, J.**

1

Pending before the Court are two motions: (1) Defendants' Motion to Enforce ("Motion to Enforce") Stipulated Judgment;[1] and (2) Plaintiff's Motion to Compel ("Motion to Compel") Discovery in Aid of Execution.[2] For the reasons that follow, the Court denies Plaintiff's Motion to Compel, thereby mooting Defendants' Motion to Enforce.

## BACKGROUND AND PROCEDURAL HISTORY

This action started in March 2022, as a judgment action, whereby Plaintiff R. Jacob Bergmann ("Plaintiff" of "Bergmann") commenced confession of judgment proceedings against Defendants SH Parent, Inc. and Surterra Holdings, Inc. (collectively "Defendants"). The confession of judgment, sought by Plaintiff, arose out of a January 2021 Negotiable Subordinated Promissory Note ("Note") executed between the parties.[3]

Pertinent to this dispute, Section 3 of the Note states:

Notwithstanding any provision in this Note to the contrary, the indebtedness evidenced hereby shall be subordinate in all respects to the terms, covenants and conditions of all Senior Indebtedness (as defined below). The payment of the principal and interest on this Note and Holder's rights and remedies under this Note, including collection and collection in bankruptcy, shall be subordinate to the prior payment in full, in cash, of any and all Senior Indebtedness (as defined below)

---

[1] D.I. 65.
[2] D.I. 79.
[3] D.I. 1.

2

and to the rights and remedies of the holders of the Senior Indebtedness. . . .[4]

*Proceedings Before the Commissioner*

In March 2022, a Superior Court Commissioner held a hearing on Defendants' objections to Plaintiff's Complaint to Commence Confessed Judgment Proceedings (the "Complaint for Confessed Judgment" or "Complaint").[5] Pursuant to Superior Court Civil Rule 58.1(g)(3), Defendants exercised their right to a hearing for the Court to decide whether Defendants knowingly and voluntarily waived their rights to a hearing prior to the entry of confession of judgment.[6] The Commissioner reserved decision and ordered briefing on Defendants' objections to the Confession of Judgment.[7]

Defendants, in their objections, raised several arguments in opposition to Plaintiff's Complaint. First, Defendants argued that Plaintiff's attempt to enter confessed judgment was not authorized by the terms of the Note and was invalid.[8] Second, Defendants argued that Plaintiff's Complaint failed because Defendants had not knowingly and voluntarily waived their right to Notice and Hearing prior to the entry of judgment.[9] Finally, Defendants argued that Plaintiff failed to support its

---

[4] D.I. 1, Ex. A § 3.
[5] D.I. 6; *Bergmann v. SH Parent, Inc.*, 2022 WL 3910619, at *1 (Del. Super. Aug. 17, 2022).
[6] *Bergmann*, 2022 WL 3910619, at *1.
[7] D.I. 6.
[8] D.I. 10.
[9] *Id.*

Complaint with a final executed original copy of the Note as required by Superior Court Civil Rule 58.2(b)(3)(II).

After briefing and oral argument, the Commissioner entered judgment against Defendants.[10] The Commissioner held that "Plaintiff has met its burden in establishing a knowing, intelligent and voluntary waiver by Defendants[.]"[11] Specifically, the Commissioner held: (1) the parties are "sophisticated business entities knowledgeable in business matters" who were represented by experienced counsel; (2) the Note provides that Defendants "fully reviewed the Aforesaid Warrant of Attorney to Confess Judgment with its own counsel and [were] knowingly and voluntarily waiving certain rights [they] would otherwise possess, including but not limited to, the right to any notice or a hearing prior to the entry of judgment by Holder[;]" (3) the Note, including the Confession of Judgment provision, "served as a *quid pro quo* for the voluntary dismissal of the pending Court of Chancery appraisal litigation[;]"[12] (4) the Confession of Judgment provision was conspicuously included in all caps and was prominently displayed; and (5) there was "no unfair surprise in the inclusion of the Confession of Judgment provision."[13]

---

[10] *Bergmann v. SH Parent, Inc.*, 2022 WL 3910619 (Del. Super. Aug. 17, 2022).

[11] *Id.* at *4.

[12] The pending Court of Chancery appraisal referenced is *Bergmann v. Surterra Holdings, Inc.*, 2019-0828-PAF (Del. Ch.).

[13] *Id.* at *4–5.

The Commissioner also did not find error in Plaintiff's failure to provide the original Note with its confession judgment complaint because "Plaintiff's belated filing of the original note cures any defect in Plaintiff's initial filing (which was not in strict compliance with Rule 58.1(a)(2))"; and Defendants did not deny existence of the Note nor allege that it was "fake, fraudulent, or misrepresented the agreement between the parties."[14]

*Defendants' Appeal of the Commissioner's Order*

Defendants moved for reconsideration of the Commissioner's Order to the Superior Court pursuant to Superior Court Civil Rule 132.[15] After additional briefing and oral argument, the undersigned found that the Commissioner's Order was in error and reversed in a transcript ruling. The Court held:

> 10 [*Del. C.* §] 2306 codifies the ability to execute on a confession of judgment. Superior Court Civil Rule 58.1 provides the framework by which a party may execute on a confession of judgment. Rule 58.1 requires, among other things, the plaintiff to submit an original of the contract, note, or other instrument authorizing the confessed judgment. The plaintiff shall provide a notice letter to potential debtors, informing the debtor that, if they object to the entry of judgment by confession, the debtor can request a hearing for the Court to determine if the debtor has specially waived the debtor's right to notice and hearing prior to the entry of judgment. At the hearing, the plaintiff is then required to demonstrate that the debtor effectively waived the debtor's right to notice and hearing prior to the entry of judgment against the debtor. If, after the hearing, judgment is entered against the debtor and the plaintiff commences execution proceeding[s] against the debtor's assets, the

---

[14] *Id.* at *6.
[15] D.I. 33.

5

debtor can object to execution. The Court will then schedule a hearing where the debtor may raise defenses to execution.

Delaware law is clear that, for a waiver to be knowing and voluntary, there must be an intentional relinquishment of a known right. The parties agree that the Superior Court decision in *Customers Bank v. Zimmerman*, 2013 [WL] 6920558 from [the] Superior Court, November 22, 2013, provides the framework by which the Court is guided regarding whether a party waived its rights to notice and hearing.

*Zimmerman* provides the following non[-]exhaustive factors for a Court to consider: One, the defendant's business sophistication and experience with similar documents; two, whether the defendant consulted with an attorney; three, whether all bargaining parties took the necessary steps to ensure the terms of the agreement were read and understood at the time the transaction was entered; and, four, whether the defendant had the opportunity and time to review the document contained in the confession of judgment. Here, the commissioner found that plaintiff, by a preponderance of the evidence, met its burden in establishing a knowing, intelligent, and voluntary waiver by defendants prior to the execution of the note.

The Court finds that the commissioner erred in two key respects: One, plaintiff failed to submit an original copy of the note; and two, the judgment itself failed to conform with the note.

Turning to the first issue[.] [T]here can be no dispute that, when plaintiff filed this judgment action, the note was not the original wet-copy signature, and it also did not contain [plaintiff's] signature. Superior Court [Civil Rule] 58.1 provides in plain terms that plaintiff submit with its praecipe, quote, "the original document authorizing confession of judgment, together with a completely legible photocopy for the Prothonotary and each debtor." Plaintiff attempted to cure this by submitting a letter to the Court explaining why an original was not submitted, and included as exhibits certain back and forth between lawyers regarding the note. The commissioner also permitted the plaintiff to submit a wet copy of the purported original note to the Prothonotary prior to the hearing.

6

Even if the Court were to accept such back and forth, the procedural defects still exist. Plaintiff failed to follow the specific requirements of Rule 58.1, and the commissioner erred by permitting plaintiff to file such documents without amending its complaint and the filing of a new praecipe.

Second, even if the Court were to accept the late-filed documents as original[s], Delaware law recognizes that confessions of judgment are strictly construed and should only be enforced according to their terms. That's from the *Eugene A. Del[le] Donne and Son, LLP*, case, 821 A.2d 885 from the Supreme Court in 2003. Therefore, a Court has no power to authorize a judgment different than what's contemplated in the [note]. I will also note that Delaware courts will enforce contracts as written, which is what I'm doing here today.

Here, Section 3 of the note provides that any remedy under the note, including collection, will be subordinate in all respects to the prior payment in cash of the senior indebtedness. Plaintiff argues and responds that, when Section 3 is read with Section[s] 6 and 15, the note, quote, "clearly provides for plaintiff's right to secure a confession of judgment against defendants in the event of default, regardless of the status of senior indebtedness."

Accepting plaintiff's argument, however, would completely [read] out [of] the note, Section 3, where plaintiff agreed that his rights and remedies were subordinate to the rights and remedies of the senior indebtedness. While it is true that, in the event of default as defined by Section 5, plaintiff[] [is] entitled to a confessed judgment under Section [6(d)] of the note, that remedy is explicitly limited by Section 3. And as pointed out by defendants, reading the specific language of Section 3 in the first clause, it states: Notwithstanding any provision in this note to the contrary, the indebtedness evidence[d] thereby shall be subordinate in all respects to the terms, covenants, and conditions of all senior indebtedness.

Reading all these clauses together, as I must, the note restricts plaintiff's rights and remedies to the subordinated rights and remedies, including the confession – the remedy of confession of judgment. Here, plaintiff submitted a judgment that is broader than what the agreement provides, essentially an unrestricted judgment that will allow plaintiff

7

to jump in front of the creditor line. Section 3 of the note is plain in its terms that plaintiff cannot pursue any rights and remedies, including [collection], until the prior payment in full to any of the senior indebtedness.

There does not appear to be much guidance in terms of the confession-of-judgment cases, but the closest case appears to be *G & G Restaurant, Inc. v. New G & G Corp*, 1991 [WL] 35703 from the Delaware Superior Court, 1991. The Court there held that, where a plaintiff[] seeks a confession of judgment tha[t] is greater than what the note or agreement allowed, the defendant did not waive their … rights to notice and hearing. Here, because plaintiff provided the commissioner and this Court with a judgment tha[t] is broader than what the note provides, defendant[s] cannot be said to waive their rights … to a notice [and] hearing. As such, the defendant[s] did not waive their rights to notice and a hearing to [the] specific judgment being requested today.

Given all these reasons, the Court reverses the Commissioner's ruling and the judgment is void.[16]

Plaintiff then moved for reargument of the Court's ruling. On November 15, 2022, the parties filed a stipulated judgment, thereby mooting the motion for reargument.[17] The stipulated judgment stated, in pertinent part:

1. Judgment is entered against Defendants in the principal amount of $17,500,000.00, together with accrued interest through November 7, 2022. . . .
2. Plaintiff's execution on this judgment is subject to the subordination terms and provisions of the Note. The parties reserve all rights regarding discovery and objections thereto, including the effect of subordination and stay on discovery and the propriety of any such discovery.

---

[16] *Bergmann v. SH Parent, Inc.*, C.A. No. N22J-00660, at 25–30 (Del. Super. Oct. 14, 2022) (TRANSCRIPT).
[17] D.I. 60.

8

3. Plaintiff reserves and does not waive any rights to seek legal or equitable relief, including with respect to the validity or preference of the Senior Indebtedness.
4. Defendants reserve and do not waive any rights with respect to validity or preference of the Senior Indebtedness.
5. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment between the parties.

The Court entered the judgment on November 17, 2022.[18]

*The Current Proceedings*

Ten months passed with no activity in this action. Then, on September 26, 2023, Defendants filed the Motion to Enforce.[19] The Motion to Enforce arises out of Plaintiff's multi-pronged attempt to obtain discovery in aid of his current pending action in the Court of Chancery (the "Court of Chancery Action"),[20] as described below.

Apparently unhappy with this Court's decision regarding the judgment, Plaintiff filed a proceeding in the State of Florida in February 2023 to domesticate and enforce its judgment against Defendants (the "Florida Action").[21] Plaintiff then served discovery in the Florida Action, seeking discovery in aid of execution pursuant to Florida Rules of Civil Procedure Rule 1.560. When Defendants refused to produce documents in the Florida action, based on the stipulated judgment in this

---

[18] D.I. 61.
[19] D.I. 65.
[20] *R. Jacob Bergmann v. SH Parent, Inc.*, C.A. No. 2023-1040-PAF.
[21] *R. Jacob Bergmann v. SH Parent, Inc.*, Case No. 23-CA-001525 (Fla. Hillsborough County Ct.).

action, Plaintiff moved to compel in Florida (the "Florida Motion to Compel"). On September 28, 2023, the Florida court held that Plaintiff was entitled to the Fact Information Sheet pursuant to Florida Rule of Civil Procedure 1.560(b), subject to this Court's rulings in this action.[22]

On October 5, 2023, SH Parent, Inc. announced the Restructuring Transactions, whereby the Talladega Credit Agreement Lenders, PE Fund LP and holders of approximately 97% of the Senior Notes held by Senior Noteholders unaffiliated with PE Fund agreed to restructure certain outstanding debt obligations of SH Parent, Inc. and its subsidiaries through a strict foreclosure process.[23] As stated in the Notice of Transaction, "as a result of the Restructuring Transactions described herein, only the Company's senior secured creditors will receive a recovery. Junior creditors, including but not limited to . . . Bergmann under the Bergmann Note . . . will not receive a recovery as their claims are too junior to receive a recovery."[24]

On October 12, 2023, shortly after the Restructuring Transaction was announced, Plaintiff served 59 requests for production in this action.[25] Plaintiff

---

[22] Mot. to Compel, Ex. B, *Bergmann v. SH Parent, Inc.*, Case No. 23-CA-001525, at 16–17 (Sept. 28, 2023, Fla. Hillsborough County Ct.) (TRANSCRIPT). On November 27, 2023, Plaintiff informed the Court that the Florida court "entered an Order on Motion to Compel Responses to and Service of Fact Information Sheets on [November] 27, 2023." D.I. 88.

[23] Pl.'s Resp. to Mot. to Enforce, D.I. 80, Ex. A.

[24] *Id.* at 1.

[25] Mot. to Compel, Ex. A.

sought return of the documents in 21 days, rather than the 30 days provided by Superior Court Civil Rule 34. Defendants again refused to produce documents based on the Stipulated Judgment, and Plaintiff filed the instant Motion to Compel.

On October 16, 2023, Plaintiff initiated the Court of Chancery Action by filing a Verified Complaint for Injunctive Relief and Motion to Expedite.[26] On October 23, 2023, Plaintiff served 62 discovery requests in the Court of Chancery Action – 47 of which overlapped with the Superior Court Action – seeking a return date of on or before November 2, 2023—the day prior to the hearing on the Motion to Enforce and Motion to Compel in this action.[27]

The Court of Chancery denied Plaintiff's Motion to Expedite on October 30, 2023.[28] The Court of Chancery held that "at least some of Bergmann's claims meet the very low bar for colorability," but denied expedition on the basis that Bergmann will not be irreparably harmed if the Restructuring Transaction goes forward.[29] The Court further held that "[i]f the transaction does indeed constitute a breach of fiduciary duty or fraudulent transfer, Bergmann will have recourse post-closing against the facilitators of the transaction."[30]

---

[26] Court of Chancery Action, D.I. 1.
[27] D.I. 81, Defs.' Opp'n to Mot. to Compel, Ex. C.
[28] Court of Chancery Action, D.I. 30.
[29] *Bergmann v. SH Parent, Inc.*, C.A. No. 2023-1040-PAF, at 31–34 (Del. Ch. Oct. 30, 2023) (TRANSCRIPT).
[30] *Id.* at 34.

This Court heard oral argument on the Motion to Compel and the Motion to Enforce in this action on November 3, 2023.

## ANALYSIS

On a motion to compel discovery, the standard of relevance that the court will apply is "whether the discovery sought is reasonably calculated to lead to admissible evidence."[31] Although "[d]iscovery in aid of execution of a judgment of broad,"[32] it is not without its limits. While "objections to discovery requests, in general, will not be allowed,"[33] the court "has broad discretion in determining the scope of discovery."[34] In reviewing a motion to compel discovery, the court will determine whether "there have been clear abuses of the process which would result in great and needless expense and time consumption."[35] Here, Defendants have met their burden of showing why the requested information is improper at this time.

Plaintiff, in his motion to compel, focuses on Superior Court Rule 69(aa) regarding discovery in aid of execution, which states that "[i]n aid of execution of the judgment or execution, the judgment creditor … may take discovery by deposition, interrogatories and requests for production, in the matter provided in

---

[31] *Prod. Res. Grp., L.L.C. v. NCT Grp., Inc.*, 863 A.2d 772, 802 (Del. Ch. 2004) (internal citations omitted).

[32] *Alberta Sec. Comm'n v. Ryckman*, 2015 WL 2265473, at *10 (Del. Super. May 5, 2015).

[33] *Prod. Res. Grp., L.L.C.*, 863 A.2d at 802.

[34] *Wei v. Zoox, Inc.*, 268 A.3d 1207, 1212 (Del. Ch. 2022) (internal citations omitted).

[35] *Prod. Res. Grp., L.L.C.*, 863 A.2d at 802.

these Rules."[36]  Candidly, during oral argument on the Motion to Enforce and Motion to Compel, Plaintiff's counsel admitted that Plaintiff was "attempting to get pertinent, material information about my client's interest in this company any way we can get it."[37]

It is apparent to the Court that Plaintiff is trying to use this action to obtain "merits based" discovery for the Court of Chancery Action through this judgment action.[38]  This is supported by the fact that: (1) no discovery requests were served in this action until after the announcement of the Restructuring Transaction on October 5, 2023; (2) 47 of the 59 requests for production in this action overlap with the discovery requests in the Chancery Action; (3) Plaintiff requested a turn-around time that was shorter than provided for in Superior Court Civil Rule 34; and (4) Plaintiff's counsel's comments on the record, including in the Court of Chancery Action where Plaintiff's counsel stated that "once we have discovery[,] the claims could evolve."[39]

---

[36] Mot. to Compel at 2; Super. Ct. Civ. Rule 69(aa).

[37] *Bergmann v. SH Parent*, N22J-00660, at 31–32 (Del. Super. Nov. 3, 2023) (TRANSCRIPT).

[38] In response to the Court's questioning about discovery during the November 3 hearing, Plaintiff's counsel discussed the informational vacuum that Plaintiff is in regarding the Restructuring Transaction, and the need for discovery to determine the effect that the Restructuring Transaction would have on Plaintiff's interests. *See id.* at 33–34 ("We have a 10-page opaque notice that really doesn't describe who the parties are, what the subject assets or debts that are going to be disposed of are, and what the remaining structure of the company will actually look like. So I know it's a strict foreclosure – it doesn't sound like a merger – but there's – may be something left of SH Parent and Surterra after the strict foreclosure goes through, but we don't know that, and we don't know who will be in control and what will be left.").

[39] Court of Chancery Action, at 10 (Del. Ch. Oct. 30, 2023) (TRANSCRIPT).

The Court will not permit Plaintiff to use this action as a conduit for information regarding the Restructuring Transaction, which is more appropriately handled in the Court of Chancery Action. Defendants have filed a Motion to Dismiss in the Court of Chancery Action[40] and a Motion to Stay Discovery and for Protective Order[41] pending the resolution of the Motions to Dismiss. At the appropriate time, the Court of Chancery will determine what, if any, discovery Plaintiff is entitled to regarding the Restructuring Transaction. This Court, in its discretion, will therefore deny the Motion to Compel.

Because the Court is denying the Motion to Compel, the Motion to Enforce is therefore moot.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED and Defendant's Motion to Enforce is MOOT.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

cc:    Prothonotary

---

[40] Court of Chancery Action, D.I. 36, 37.
[41] D.I. 39.

14